## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MiiCs & Partners, America, Inc. and Gold Charm Limited** | ) ) ) ) |
| *Plaintiffs,* | ) Civil Action No. _____ ) |
| **v.** | ) **JURY TRIAL DEMANDED** ) |
| **Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc.** | ) ) ) |
| *Defendants.* | ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, MiiCs & Partners, America, Inc. ("MiiCs") and Gold Charm Limited ("Gold Charm") (collectively referred to herein as "Plaintiffs"), by and through their undersigned counsel, and for their complaint against the defendants, Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc., (collectively referred to herein as "Toshiba"), aver as follows:

## NATURE OF THE ACTION

1.     This is a civil action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq.*

## THE PARTIES

2.      MiiCs & Partners, America, Inc. is a corporation organized under the laws of the State of Delaware, having a principal place of business at 749 Haycock Run Road, Kintnersville, PA 18930.

3.      Gold Charm Limited is an entity organized under the laws of the Independent State of Samoa, having a principal place of business at Offshore Chambers, P.O. Box 217, Apia, Independent State of Samoa.  Gold Charm Limited is a wholly owned subsidiary of Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), which is a joint-design, joint-development, manufacturing, assembly and after-sales services company to global computer, communication and consumer-electronics companies.

4.      Upon information and belief, defendant Toshiba Corporation is a corporation organized under the laws of Japan, having its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

5.      Upon information and belief, defendant Toshiba America, Inc. is a corporation organized under the laws of Delaware, having its principal place of business at 1251 Avenue of the Americas #4100, New York, New York 10020. Toshiba America, Inc. is a wholly owned subsidiary of Toshiba Corporation.

6.      Upon information and belief, Toshiba America Information Systems, Inc. is a corporation organized under the laws of the State of California, having its

principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.

Toshiba America Information Systems, Inc. is a wholly owned subsidiary of

Toshiba America, Inc.

## JURISDICTION AND VENUE

7.     This action arises under the Patent Laws of the United States of

America, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 271,

281, and 283-285.  This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

8.     This Court has personal jurisdiction over Toshiba at least because

Toshiba has substantial, continuing, and on-going contacts with this State and

judicial district, and Toshiba has sold and continues to sell into this State and

judicial district the products at issue in this case.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§

1391(b)-(d) and § 1400(b) in that acts of patent infringement and unfair

competition are occurring or have occurred within this judicial district, and

Toshiba is subject to personal jurisdiction in this District.

10.     Toshiba is in the business of manufacturing, selling, offering for sale,

or importing televisions, monitors, notebooks, laptops and tablets.

## FACTS

11.     In or about 2012, Hon Hai evaluated the investment in, or acquisition of, a display manufacturing facility owned by Sharp Corporation.  As part of its due diligence relating to the potential investment or acquisition, Hon Hai sought to acquire a display technology patent portfolio.

12.     In or about 2012, Hon Hai reviewed a display technology patent portfolio owned by NEC Corporation ("NEC Patent Portfolio") in relation to its acquisition of the Sharp Corporation manufacturing facility.  The NEC Patent Portfolio included U.S. Patent Nos. 6,734,927; 5,850,275; 5,966,589; 5,790,092; 5,870,163; 6,417,833; 6,816,213; 6,909,053 and 7,460,190 ("Asserted Patents").

13.     In or about 2012, Hon Hai formed plaintiff Gold Charm as a holding company for a number of Hon Hai patents, including the NEC Patent Portfolio. The NEC Patent Portfolio was assigned to Hon Hai's intellectual property holding company, plaintiff Gold Charm.

14.     Plaintiff Gold Charm is the assignee of all right, title, and interest in and to the Asserted Patents *via* a November 30, 2012 assignment from NEC Corporation.

15.     Plaintiff MiiCs is a licensee of the Asserted Patents, holding all substantial rights in the Asserted Patents, including the right to make, have made, use, import, offer to sell or sell products covered by the Asserted Patents, to sue

4

and collect past, present and future damages under the Asserted Patents and to seek injunctive relief or any other relief for infringement of the Asserted Patents.

16.     Plaintiff MiiCs is in the business of fostering open innovation and assisting patent holders to manage their patent portfolios, including the sale or licensing of intellectual property.

17.     Plaintiff MiiCs assists in the management, sales and commercialization of various aspects of Hon Hai's intellectual property, including patents assigned to plaintiff Gold Charm.  To that end, in April 2014, MiiCs facilitated the sale of a number of Hon Hai's communication technology patents to Google, Inc.

18.     Until February 14, 2013, defendant Toshiba Corporation held a non-exclusive patent license to the NEC Patent Portfolio.  On February 14, 2013, defendant Toshiba Corporation's license to the NEC Patent Portfolio lapsed, including the license to the Asserted Patents.

19.     On November 14, 2002, U.S. Patent Application No. 10/293,487 ("the '487 application") was filed.

20.     On May 11, 2004, the '487 application was issued by the United States Patent and Trademark Office ("USPTO") as U.S. Patent No. 6,734,927, titled "Liquid Crystal Display and Method of Fabricating Same" ("the '927

patent"). A true and correct copy of the '927 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

21.   The claims of the '927 patent are valid and enforceable.

22.   The '927 patent discloses and claims various novel and unique features relating to a liquid crystal display.

23.   Gold Charm is the assignee of all right, title, and interest in and to the '927 patent and MiiCs is the licensee of the '927 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

24.   Toshiba does not currently hold and has not sought a renewed license under the '927 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '927 patent.

25.   On January 29, 1997, U.S. Patent Application No. 08/789,429 ("the '429 application") was filed.

26.   On December 15, 1998, the '429 application was issued by the USPTO as U.S. Patent No. 5,850,275, titled "Liquid Crystal Display" ("the '275 patent). A true and correct copy of the '275 patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

27.   The claims of the '275 patent are valid and enforceable.

28.     The '275 patent discloses and claims various novel and unique features relating to a liquid crystal display.

29.     Gold Charm is the assignee of all right, title, and interest in and to the '275 patent and MiiCs is the licensee of the '275 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

30.     Toshiba does not currently hold and has not sought a renewed license under the '275 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '275 patent.

31.     On December 12, 1997, U.S. Patent Application No. 08/989,573 ("the '573 application) was filed.

32.     On October 12, 1999, the '573 application was issued by the USPTO as U.S. Patent No. 5,966,589, titled "Method of Fabricating Thin Film Transistor Array" ("the '589 patent).  A true and correct copy of the '589 patent is attached hereto as Exhibit C and is incorporated by reference as if fully set forth herein.

33.     The claims of the '589 patent, in view of the Disclaimer in Patent Under 37 CFR § 1.321(a), filed June 24, 2014, are valid and enforceable.

34.     The '589 patent discloses and claims various novel and unique features relating to thin film transistor arrays.

35.     Gold Charm is the assignee of all right, title, and interest in and to the '589 patent and MiiCs is the licensee of the '589 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

36.     Toshiba does not currently hold and has not sought a renewed license under the '589 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '589 patent.

37.     On July 25, 1995, U.S. Patent Application No. 08/506,705 ("the '705 application") was filed.

38.     On August 4, 1998, the '705 application was issued by the USPTO as U.S. Patent No. 5,790,092, titled "Liquid Crystal Display with Reduced Power Dissipation and/or Reduced Vertical Striped Shades in Frame Control and Control Method for Same" ("the '092 patent").  A true and correct copy of the '092 patent is attached hereto as Exhibit D and is incorporated by reference as if fully set forth herein.

39.     The claims of the '092 patent are valid and enforceable.

40.     The '092 patent discloses and claims various novel and unique features relating to liquid crystal displays.

41.     Gold Charm is the assignee of all right, title, and interest in and to the '092 patent and MiiCs is the licensee of the '092 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

42.     Toshiba does not currently hold and has not sought a renewed license under the '092 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '092 patent.

43.     On January 31, 1997, U.S. Patent Application No. 08/791,612 ("the '612 application") was filed.

44.     On February 9, 1999, the '612 application was issued by the USPTO as U.S. Patent No. 5,870,163, titled "LCD Device with Connection Lines having Different Resistances" ("the '163 patent").  A true and correct copy of the '163 patent is attached hereto as Exhibit E and is incorporated by reference as if fully set forth herein.

45.     The claims of the '163 patent are valid and enforceable.

46.     The '163 patent discloses and claims various novel and unique features relating to liquid crystal displays.

47.     Gold Charm is the assignee of all right, title, and interest in and to the '163 patent and MiiCs is the licensee of the '163 patent possessing rights to

recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

48.     Toshiba does not currently hold and has not sought a renewed license under the '163 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '163 patent.

49.     On June 9, 2000, U.S. Patent Application No. 09/591,580 ("the '580 application") was filed.

50.     On July 9, 2002, the '580 application was issued by the USPTO as U.S. Patent No. 6,417,833, titled "Liquid Crystal Display Apparatus and Method for Lighting Backlight Thereof" ("the '833 patent").  A true and correct copy of the '833 patent is attached hereto as Exhibit F and is incorporated by reference as if fully set forth herein.

51.     The claims of the '833 patent are valid and enforceable.

52.     The '833 patent discloses and claims various novel and unique features relating to liquid crystal displays.

53.     Gold Charm is the assignee of all right, title, and interest in and to the '833 patent and MiiCs is the licensee of the '833 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

10

54.    Toshiba does not currently hold and has not sought a renewed license under the '833 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '833 patent.

55.    On December 9, 2002, U.S. Patent Application No. 10/314,243 ("the '243 application") was filed.

56.    On November 9, 2004, the '243 application was issued by the USPTO as U.S. Patent No. 6,816,213, titled "Liquid Crystal Module Mounting Structure and Mobile Terminal Mounted with the Same" ("the '213 patent").  A true and correct copy of the '213 patent is attached hereto as Exhibit G and is incorporated by reference as if fully set forth herein.

57.    The claims of the '213 patent are valid and enforceable.

58.    The '213 patent discloses and claims various novel and unique features relating to liquid crystal module mounting structures.

59.    Gold Charm is the assignee of all right, title, and interest in and to the '213 patent and MiiCs is the licensee of the '213 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

60.    Toshiba does not currently hold and has not sought a renewed license under the '213 patent and, as of February 14, 2013, is not authorized or permitted

to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '213 patent.

61.     On September 27, 2002, U.S. Patent Application No. 10/259,543 ("the '543 application") was filed.

62.     On June 21, 2005, the '543 application was issued by the USPTO as U.S. Patent No. 6,909,053, titled "Circuit Substrate Connecting Structure, Liquid Crystal Display Device having the Connecting Structure and Mounting Method of Liquid Crystal Display Device" ("the '053 patent").  A true and correct copy of the '053 patent is attached hereto as Exhibit H and is incorporated by reference as if fully set forth herein.

63.     The claims of the '053 patent are valid and enforceable.

64.     The '053 patent discloses and claims various novel and unique features relating to liquid crystal displays.

65.     Gold Charm is the assignee of all right, title, and interest in and to the '053 patent and MiiCs is the licensee of the '053 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

66.     Toshiba does not currently hold and has not sought a renewed license under the '053 patent and, as of February 14, 2013, is not authorized or permitted

to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '053 patent.

67.    On August 20, 2004, U.S. Patent Application No. 10/923,432 ("the '432 application") was filed.

68.    On December 2, 2008, the '432 application was issued by the USPTO as U.S. Patent No. 7,460,190, titled "LCD Device Including a TFT for Reducing Leakage Current" ("the '190 patent").  A true and correct copy of the '190 patent is attached hereto as Exhibit I and is incorporated by reference as if fully set forth herein.

69.    The claims of the '190 patent are valid and enforceable.

70.    The '190 patent discloses and claims various novel and unique features relating to liquid crystal displays.

71.    Gold Charm is the assignee of all right, title, and interest in and to the '190 patent and MiiCs is the licensee of the '190 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

72.    Toshiba does not currently hold and has not sought a renewed license under the '190 patent and, as of February 14, 2013, is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '190 patent.

73.     Upon information and belief, for all times relevant to this Complaint, Toshiba has been making, using, manufacturing, selling, offering for sale or importing products covered by one or more claims of the Asserted Patents, and continues to do so to this day.  By way of example, these products include, but are not limited to:  Toshiba's 40" LED TV (Model No. 40L5200U); Toshiba's 32" LCD TV (Model No. 32C120U); Toshiba's Satellite laptop (Model No. C855D-S5105); Toshiba's 32" LED TV (Model No. 32L1400) and Toshiba's Excite 10 SE tablet (Model No. AT305SE-T16) (collectively referred to herein as "Accused Products").

74.     Upon information and belief, for at all times relevant to this Complaint, Toshiba has manufactured, used, sold or offered for sale many of the components found in the Accused Products which are covered by one or more claims of the Asserted Patents and continues to do so to this day.

75.     On information and belief, Toshiba knew or should have known that the Accused Products would be and are placed in the stream of U.S. commerce and actively offered for sale or sold the Accused Products to residents in the State of Delaware and elsewhere.

76.     Toshiba does not currently hold and has not sought a renewed license under the Asserted Patents and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the

14

invention disclosed and claimed in the Asserted Patents, including, but not limited to, the Accused Products.

## COUNT I
## INFRINGEMENT OF THE '927 PATENT

77.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78.    The '927 patent is presumed valid pursuant to 35 U.S.C. § 282.

79.    All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '927 patent.

80.    Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '927 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

81.    Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Toshiba.

82.    Upon information and belief, Toshiba has been and is directly infringing the '927 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '927 patent in violation of § 271(a), including, but not limited to, Toshiba's 32" LCD TV (Model No. 32C120U) and other similar products.

83.     Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '927 patent by the use, manufacture, offer for sale, sale or importation of at least one of the Accused Products and, as a result, Plaintiffs have been damaged to an extent not yet determined.

## COUNT II
## INFRINGEMENT OF THE '275 PATENT

84.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 83 of this Complaint as though fully set forth herein.

85.     The '275 patent is presumed valid pursuant to 35 U.S.C. § 282.

86.     All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '275 patent.

87.     Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '275 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

88.     Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Toshiba.

89.     Upon information and belief, Toshiba has been and is directly infringing the '275 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '275 patent in violation of §

271(a), including, but not limited to, Toshiba's 40" LED TV (Model No. 40L5200U), Toshiba's Satellite laptop (Model No. C855D-S5105), Toshiba's Excite 10 SE tablet (Model No. AT305SE-T16), and other similar products.

90.     Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '275 patent by the use, manufacture, offer for sale, sale or importation of at least one of the Accused Products and, as a result, Plaintiffs have been damaged to an extent not yet determined.

## COUNT III
## INFRINGEMENT OF THE '589 PATENT

91.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 90 of this Complaint as though fully set forth herein.

92.     The '589 patent is presumed valid pursuant to 35 U.S.C. § 282.

93.     All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '589 patent.

94.     Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '589 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

95.     Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Toshiba.

17

96.    Upon information and belief, Toshiba has been and is directly infringing the '589 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having a thin film transistor array made by a method that practices one or more claims of the '589 patent in violation of § 271(a), including, but not limited to, Toshiba's 40" LED TV (Model No. 40L5200U), Toshiba's Satellite laptop (Model No. C855D-S5105) and other similar products.

97.    Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '589 patent by the use, manufacture, offer for sale, sale or importation of at least one of the Accused Products and, as a result, Plaintiffs have been damaged to an extent not yet determined.

## COUNT IV
## INFRINGEMENT OF THE '092 PATENT

98.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 97 of this Complaint as though fully set forth herein.

99.    The '092 patent is presumed valid pursuant to 35 U.S.C. § 282.

100.    All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '092 patent.

101.    Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '092

18

patent in the United States, including, but not limited to, within this judicial

district, in violation of 35 U.S.C. § 271.

102.   Upon information and belief, for all times relevant, some or all of the

Accused Products were introduced into the marketplace by Toshiba.

103.   Upon information and belief, Toshiba has been and is directly

infringing the '092 patent by making, using, offering for sale, selling, or importing

in or into the United States, without authority, devices having liquid crystal

displays that practice one or more claims of the '092 patent in violation of §

271(a), including, but not limited to, Toshiba's Satellite laptop (Model No. C855D-

S5105), and other similar products.

104.   Upon information and belief, Toshiba has and is willfully infringing

one or more claims of the '092 patent by the use, manufacture, offer for sale, sale

or importation of at least one of the Accused Products and, as a result, Plaintiffs

have been damaged to an extent not yet determined.

**COUNT V**
**INFRINGEMENT OF THE '163 PATENT**

105.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through

104 of this Complaint as though fully set forth herein.

106.   The '163 patent is presumed valid pursuant to 35 U.S.C. § 282.

107.   All requirements of 35 U.S.C. § 287 have been satisfied with respect

to the '163 patent.

108.   Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '163 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

109.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Toshiba.

110.   Upon information and belief, Toshiba has been and is directly infringing the '163 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '163 patent in violation of § 271(a), including, but not limited to, Toshiba's 40" LED TV (Model No. 40L5200U), Toshiba's 32" LED TV (Model No. 32L1400), Toshiba's Satellite laptop (Model No. C855D-S5105), Toshiba's Excite 10 SE tablet (Model No. AT305SE-T16) and other similar products.

111.   Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '163 patent by the use, manufacture, offer for sale, sale or importation of at least one of the Accused Products and, as a result, Plaintiffs have been damaged to an extent not yet determined.

## COUNT VI
## INFRINGEMENT OF THE '833 PATENT

112.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 111 of this Complaint as though fully set forth herein.

113.   The '833 patent is presumed valid pursuant to 35 U.S.C. § 282.

114.   All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '833 patent.

115.   Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '833 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

116.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Toshiba.

117.   Upon information and belief, Toshiba has been and is directly infringing the '833 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '833 patent in violation of § 271(a), including, but not limited to, Toshiba's 32" LCD TV (Model No. 32C120U), and other similar products.

118.   Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '833 patent by the use, manufacture, offer for sale, sale

21

or importation of at least one of the Accused Products and, as a result, Plaintiffs

have been damaged to an extent not yet determined.

## COUNT VII
## INFRINGEMENT OF THE '213 PATENT

119.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through

118 of this Complaint as though fully set forth herein.

120.    The '213 patent is presumed valid pursuant to 35 U.S.C. § 282.

121.    All requirements of 35 U.S.C. § 287 have been satisfied with respect

to the '213 patent.

122.    Upon information and belief, Toshiba has been and is currently

engaging in acts which constitute infringement of one or more claims of the '213

patent in the United States, including, but not limited to, within this judicial

district, in violation of 35 U.S.C. § 271.

123.    Upon information and belief, for all times relevant, some or all of the

Accused Products were introduced into the marketplace by Toshiba.

124.    Upon information and belief, Toshiba has been and is directly

infringing the '213 patent by making, using, offering for sale, selling, or importing

in or into the United States, without authority, devices having liquid crystal

modules that practice one or more claims of the '213 patent in violation of §

271(a), including, but not limited to, Toshiba's Excite 10 SE tablet (Model No.

AT305SE-T16), and other similar products.

22

125.   Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '213 patent by the use, manufacture, offer for sale, sale or importation of at least one of the Accused Products and, as a result, Plaintiffs have been damaged to an extent not yet determined.

## COUNT VIII
## INFRINGEMENT OF THE '053 PATENT

126.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 125 of this Complaint as though fully set forth herein.

127.   The '053 patent is presumed valid pursuant to 35 U.S.C. § 282.

128.   All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '053 patent.

129.   Upon information and belief, Toshiba has been and is currently engaging in acts which constitute infringement of one or more claims of the '053 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

130.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Toshiba.

131.   Upon information and belief, Toshiba has been and is directly infringing the '053 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having circuit boards that practice one or more claims of the '053 patent in violation of § 271(a), including,

but not limited to, Toshiba's 40" LED TV (Model No. 40L5200U), Toshiba's

Excite 10 SE tablet (Model No. AT305SE-T16), and other similar products.

132.    Upon information and belief, Toshiba has and is willfully infringing

one or more claims of the '053 patent by the use, manufacture, offer for sale, sale

or importation of at least one of the Accused Products and, as a result, Plaintiffs

have been damaged to an extent not yet determined.

### COUNT IX
### INFRINGEMENT OF THE '190 PATENT

133.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through

132 of this Complaint as though fully set forth herein.

134.    The '190 patent is presumed valid pursuant to 35 U.S.C. § 282.

135.    All requirements of 35 U.S.C. § 287 have been satisfied with respect

to the '190 patent.

136.    Upon information and belief, Toshiba has been and is currently

engaging in acts which constitute infringement of one or more claims of the '190

patent in the United States, including, but not limited to, within this judicial

district, in violation of 35 U.S.C. § 271.

137.    Upon information and belief, for all times relevant, some or all of the

Accused Products were introduced into the marketplace by Toshiba.

138.    Upon information and belief, Toshiba has been and is directly

infringing the '190 patent by making, using, offering for sale, selling, or importing

in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '190 patent in violation of § 271(a), including, but not limited to, Toshiba's 40" LED TV (Model No. 40L5200U), Toshiba's 32" LED TV (Model No. 32L1400), and other similar products.

139.   Upon information and belief, Toshiba has and is willfully infringing one or more claims of the '190 patent by the use, manufacture, offer for sale, sale or importation of at least one of the Accused Products and, as a result, Plaintiffs have been damaged to an extent not yet determined.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, MiiCs & Partners, America, Inc. and Gold Charm Limited pray for judgment in their favor and against defendants Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc., and requests that this Court:

(a)   enter a finding and a judgment in favor of MiiCs and Gold Charm and against Toshiba for patent infringement in an amount to be ascertained and in an

amount adequate to compensate MiiCs and Gold Charm for Toshiba's infringement of one or more claims of the Asserted Patents, including, but not limited to, Toshiba's profits, and in no event less than a reasonable royalty for the use made of the invention by Toshiba together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

(b)     enter a finding and judgment that Toshiba's infringement of the Asserted Patents was willful and deliberate and enhance damages for willful infringement under 35 U.S.C. § 284;

(c)     enter a preliminary and permanent injunction against further and continued infringement of the claims of the Asserted Patents by Toshiba as provided by 35 U.S.C. § 283;

(d)     declare that this case is exceptional and award MiiCs and Gold Charm their reasonable attorney fees as the prevailing party, as provided by 35 U.S.C. § 285; and

(e)     grant MiiCs and Gold Charm such other and further relief as the Court

may deem just and appropriate.


**Of Counsel:**                                    **PANITCH SCHWARZE BELISARIO & NADEL, LLP**

Frederick A. Tecce                                 By:/s/Patricia Smink Rogowski
Kimberly S. Chotkowski                                  Patricia Smink Rogowski (Bar No. 2632)
Stephen E. Murray                                       John D. Simmons (Bar No. 5996)
Patrick T. Igoe                                         Dennis J. Butler (Bar No. 5981)
**PANITCH SCHWARZE BELISARIO &**                        Aaron Ettelman (Bar No. 5003)
**NADEL LLP**                                           Applied Bank Center
One Commerce Square                                     2200 Concord Pike, Suite 201
2005 Market Street, Suite 2200                          Wilmington, DE 19803
Philadelphia, PA 19103                                  Telephone: (302) 824-7072
Telephone:  (215) 965-1330                              progowski@panitchlaw.com
ftecce@panitchlaw.com                                   jsimmons@panitchlaw.com
kchotkowski@panitchlaw.com                              dbutler@panitchlaw.com
smurray@panitchlaw.com                                  aettelman@panitchlaw.com
pigoe@panitchlaw.com

*Attorneys for Plaintiffs, MiiCs & Partners, America, Inc. and Gold Charm Limited*