IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIICS & PARTNERS AMERICA INC., et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 14-803-RGA |
| TOSHIBA CORPORATION, et al., | : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MIICS & PARTNERS AMERICA INC., et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 14-804-RGA |
| FUNANI ELECTRIC CO. LTD, et al., | : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MIICS & PARTNERS AMERICA INC., et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 14-805-RGA |
| MITSUBISHI ELECTRIC CORPORATION, et al., | : : : | |
| Defendants. | : | |

**MEMORANDUM AND CASE MANAGEMENT ORDER**

In each of these cases, Plaintiffs have filed a motion for leave to amend the complaint, each motion having been filed within the time set forth in the scheduling order. (No. 14-803, D.I. 29; No. 14-804, D.I. 29; No. 14-805, D.I. 36). Defendants oppose.

The principal bases for opposition are (1) Plaintiffs could have amended earlier, (2) the schedule will need to be adjusted, and (3) an already difficult and complex trial will be made more so.

My view is that the first argument is probably correct, but given that amendment is sought within the time set forth in the scheduling order, the preference for "freely giv[ing] leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), controls, and the better way to handle any unfairness to Defendants would be through adjustment to the schedule, which, given the relatively early stage of the cases, does not seem like a great imposition on the Court or the parties. The scheduling conference was only held in mid-November 2014.

As for the third argument, initial technical discovery was due February 16, 2015, that is, more than five weeks ago. Thus, if Plaintiffs are asserting more than thirty-two (32) claims in any case, Plaintiffs are **ORDERED** to reduce the number of asserted claims to thirty-two (32) by no later than April 10, 2015.[1] As was discussed at the scheduling conference, each case is set to be tried in five days, which acts as an outside limit on how much complexity either side is able to actually try.

Plaintiffs' motions for leave to file first amended complaint (No. 14-803, D.I. 29; No. 14-804, D.I. 29; No. 14-805, D.I. 36) are **GRANTED**. The parties **SHALL MEET AND**

---

[1] Upon a showing of diligence, and with due consideration for prejudice, Plaintiffs may seek to modify this order for good cause. Plaintiffs and Defendants are **DIRECTED** to meet and confer about appropriately limiting the amount of asserted prior art in view of the limitations placed upon Plaintiffs.

**CONFER** about the need for modifications to the scheduling order, and, by April 10, 2015, either (1) report that no modifications are needed; (2) submit a joint proposed order without any disputes; or (3) submit one proposed order with any disputed matters easily identifiable, accompanied by separate letters of no more than three pages per side arguing the side's position.

    **IT IS SO ORDERED** this 31st day of March 2015.

                                                        /s/ Richard G. Andrews
                                                    United States District Judge