IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIICS & PARTNERS AMERICA INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-803-RGA |
| TOSHIBA CORPORATION, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MIICS & PARTNERS AMERICA INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-804-RGA |
| FUNANI ELECTRIC CO. LTD, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiffs filed lawsuits in these two cases on June 24, 2014. After answers were filed, there was a scheduling conference and a scheduling order issued on November 19, 2014. Plaintiffs amended the complaints on March 31, 2015. Thereafter (on April 13, 2015), the scheduling order in each case was modified. The asserted claims (limited by me to no more than 32 in each case) are spread over at least ten patents in each case. The defendants each filed *inter partes* review petitions with the PTAB on all of the asserted claims (other than claims first asserted in the amended complaint), and state that they will file petitions on the newly-asserted patent. Defendants filed motions for stays pending *inter partes* review on July 16, 2015, which

have now been fully briefed. I usually like to see whether the PTAB will grant review before taking any action, but I think it is advisable to act now on these motions.

Plaintiffs are non-practicing entities. They do not compete with the defendants.

The standard for granting a stay is:

(1) whether granting the stay will simplify the issues for trial;

(2) whether discovery is complete and a trial date is set; and

(3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage. *See, e..g., Vehicle IP LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, *1 (D.Del. 2010).

The pending review has the potential to simplify the issues for trial, particularly in light of Plaintiffs' assertion of claims from a dozen patents. As a general matter, with so many claims from so many patents in play, the law of probabilities makes it almost certain that the PTAB will grant at least some of the petitions, and that some of the claims will eventually be rejected or modified, and others of them, even if neither rejected nor modified, will garner additional prosecution history that may be relevant to claim construction. Simplification is very likely.

While discovery has started and there are trial dates, there have been no depositions, claim construction briefing has not started (although it is about to), and expert discovery is a long way off. The case is relatively young. The major expenses of the parties are yet to come. I have continued it once, and doing so a second time would not be inconvenient to anyone.

Plaintiffs are not competitors of the defendants, and despite requests for injunctive relief, are realistically looking only for monetary damages. It does not appear that they will suffer any undue prejudice if the motion is granted.

In terms of whether Plaintiffs will suffer a clear tactical disadvantage, there are two issues

to consider. In terms of the litigation, there is little tactical disadvantage to Plaintiffs since the litigations are in their earliest stages. In another sense, however, the parties are constantly seeking tactical advantages, and the motions for a stay would not have been filed but for defendants' belief that the granting of a stay would benefit them (for example, by reducing their costs, both for the immediate future [regardless of the ultimate outcome of the petitions] and for the long run [if the PTAB significantly limits the claims of the patents]).

I do not see any dilatoriness on the part of the defendants.

Considering all the circumstances, this seems pretty close to the classic case for granting a stay pending *inter partes* review. The prejudice to the Plaintiffs, including any tactical disadvantage, is not great, and the simplification factor weighs heavily in favor of granting the stays, and the stage of the proceedings weighs modestly in favor of granting the stays.

Thus, upon consideration of the Defendants' motions to stay these cases, **IT IS HEREBY ORDERED** this 11 day of August 2015 that:

1. The motions to stay pending *inter partes* review (No. 14-803-RGA, D.I. 69; No. 14-804, D.I. 74) are **GRANTED**;

2. The parties shall submit a status report no later than six months from today, or within two weeks of when the last of the pending petitions for *inter partes* review are granted or denied, whichever comes first. The status report should contain a brief summary of how the parties want to proceed in light of the PTAB decisions.

3. The Court expects to review this matter if some of the petitions are granted and some are denied, in light of the circumstances as they then exist.[1] Thus, the parties should consider this

---

[1] The Court excepts from this stay the requests for international judicial assistance. If Plaintiffs want to go forward with them now, they should do so. If they want to (and can) wait,

to be a stay of limited duration, and if the parties are in disagreement about how to proceed at the time of the status report, should schedule an in-person conference to discuss the options.

                                                                   *Richard G. Andrews*
                                                                     United States District Judge

---

that is fine too.