## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MiiCs & PARTNERS AMERICA, INC., et al., | ) ) ) | Civil Action No. 14-803-RGA |
| Plaintiffs, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| TOSHIBA CORPORATION, et al., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SAMSUNG DISPLAY CO., LTD., Intervenor. | ) ) ) | |

## ANSWER IN INTERVENTION

Intervenor Samsung Display Co., Ltd. ("SDC"), by and through its undersigned counsel,

answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs

MiiCs & Partners, America, Inc. and Gold Charm Limited (collectively, "Plaintiffs") against

Toshiba Corporation, Toshiba America, Inc.,[1] and Toshiba America Information Systems, Inc.

(collectively, "Toshiba"), dated March 31, 2015, as follows:

## NATURE OF THE ACTION

1.       SDC admits that Plaintiffs purport to state an action arising under the laws of the

United States, specifically for patent infringement arising under the Patent Laws of the United

States, Title 35 of the United States Code, §§ 1 *et seq.*  Except as specifically admitted, SDC

denies the remaining allegations of Paragraph 1 of the Complaint except those allegations that

consist of legal contentions or legal arguments to which no response is required.

---

[1] Toshiba America, Inc. was dismissed from this action on July 18, 2014.  No. 14-803, D.I. 6.

## THE PARTIES

2.      SDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, on that basis, denies them.

3.      SDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, on that basis, denies them.

4.      SDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, on that basis, denies them.

5.      SDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, on that basis, denies them.

6.      SDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, on that basis, denies them.

## JURISDICTION AND VENUE

7.      SDC admits that Plaintiffs purport to state an action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq*.  SDC admits that this Court has subject matter jurisdiction.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 7 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

8.      SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of the Complaint as they relate to Toshiba, and on that basis, denies them.  SDC denies the allegations of Paragraph 8 of the Complaint to the extent they relate to SDC, except those allegations that consist of legal contentions or legal arguments to which no response is required.

9.      SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Complaint as they relate to Toshiba and, on that basis, denies them.  SDC denies the allegations of Paragraph 9 of the Complaint to the extent they relate to SDC, except those allegations that consist of legal contentions or legal arguments to which no response is required.

10.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## **FACTS**

11.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 of the Complaint and, on that basis, denies them.

12.     SDC admits that Plaintiffs in this action have asserted U.S. Patent Nos. 6,734,927 (the "'927 Patent"); 5,850,275 (the "'275 Patent"); 5,966,589 (the "'589 Patent"); 5,790,092 (the "'092 Patent"); 5,870,163 (the "'163 Patent"); 6,417,833 (the "'833 Patent"); 6,816,213 (the "'213 Patent"); 6,909,053 (the "'053 Patent"); 7,460,190 (the "'190 Patent"); 6,211,534 (the "'534 Patent") and 6,456,352 (the "'352 Patent") (collectively, the "Asserted Patents") against Toshiba.  SDC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 12 of the Complaint and, on that basis, denies them.

13.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies them.

14.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of the Complaint and, on that basis, denies them.

15.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the Complaint and, on that basis, denies them.

16.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint and, on that basis, denies them.

17.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint and, on that basis, denies them.

18.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Complaint and, on that basis, denies them.

19.     SDC admits that the '927 Patent states on its face that U.S. Patent Application No. 10/293,487 was filed on November 14, 2002.  SDC denies the remaining allegations of Paragraph 19 of the Complaint.

20.     SDC admits that the '927 Patent states on its face that its application number is 10/293,487, that it was issued on May 11, 2004, and that it is titled "Liquid Crystal Display and Method of Fabricating Same."  SDC admits that the document Plaintiffs have attached as Exhibit A to the Complaint purports to be a true and correct copy of the '927 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 20 of the Complaint.

21.     SDC denies the allegations of Paragraph 21 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

22.     SDC denies the allegations of Paragraph 22 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

23.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of the Complaint and, on that basis, denies the allegations of Paragraph 23 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

24.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the Complaint as they relate to Toshiba and, on that basis, denies them.

25.     SDC admits that the '275 Patent states on its face that U.S. Patent Application No. 08/789,429 was filed on January 29, 1997.  SDC denies the remaining allegations of Paragraph 25 of the Complaint.

26.     SDC admits that the '275 Patent states on its face that its application number is 08/789,429, that it is titled "Liquid Crystal Display," and that it was issued on December 15, 1998.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit B purports to be a true and correct copy of the '275 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 26 of the Complaint.

27.     SDC denies the allegations of Paragraph 27 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

28.     SDC denies the allegations of Paragraph 28 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

29.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Complaint and, on that basis, denies the allegations of Paragraph 29 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

30.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 of the Complaint as they relate to Toshiba and, on that basis, denies them.

31.     SDC admits that the '589 Patent states on its face that U.S. Patent Application No. 08/989,573 was filed on December 12, 1997.  SDC denies the remaining allegations of Paragraph 31 of the Complaint.

32.     SDC admits that the '589 Patent states on its face that its application number is 08/989,573, that it is titled "Method of Fabricating Thin Film Transistor Array," and that it was issued on October 12, 1999.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit C purports to be a true and correct copy of the '589 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 32 of the Complaint.

33.     SDC denies the allegations of Paragraph 33 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

34.     SDC denies the allegations of Paragraph 34 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

35.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 of the Complaint and, on that basis, denies the allegations of Paragraph 35 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

36.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36 of the Complaint as they relate to Toshiba and, on that basis, denies them.

37.     SDC admits that the '092 Patent states on its face that U.S. Patent Application No. 08/506,705 was filed on July 25, 1995.  SDC denies the remaining allegations of Paragraph 37 of the Complaint.

38.     SDC admits that the '092 Patent states on its face that its application number is 08/506,705, that it is titled "Liquid Crystal Display with Reduced Power Dissipation and/or Reduced Vertical Striped Shades in Frame Control and Control Method for Same," and that it was issued on August 4, 1998.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit D purports to be a true and correct copy of the '092 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 38 of the Complaint.

39.     SDC denies the allegations of Paragraph 39 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

40.     SDC denies the allegations of Paragraph 40 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

41.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 of the Complaint and, on that basis, denies the allegations of Paragraph 41 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

42.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 of the Complaint as they relate to Toshiba and, on that basis, denies them.

43.     SDC admits that the '163 Patent states on its face that U.S. Patent Application No. 08/791,612 was filed on January 31, 1997.  SDC denies the remaining allegations of Paragraph 43 of the Complaint.

44.     SDC admits that the '163 Patent states on its face that its application number is 08/791,612, that it is titled "LCD Device with Connection Lines having Different Resistances," and that it was issued on February 9, 1999.  SDC admits that the document Plaintiffs have

7

attached to the Complaint as Exhibit E purports to be a true and correct copy of the '163 Patent. Except as specifically admitted, SDC denies the remaining allegations of Paragraph 44 of the Complaint.

45.     SDC denies the allegations of Paragraph 45 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

46.     SDC denies the allegations of Paragraph 46 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

47.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47 of the Complaint and, on that basis, denies the allegations of Paragraph 47 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

48.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48 of the Complaint as they relate to Toshiba and, on that basis, denies them.

49.     SDC admits that the '833 Patent states on its face that U.S. Patent Application No. 09/591,580 was filed on June 9, 2000.  SDC denies the remaining allegations of Paragraph 49 of the Complaint.

50.     SDC admits that the '833 Patent states on its face that its application number is 09/591,580, that it is titled "Liquid Crystal Display Apparatus and Method for Lighting Backlight Thereof," and that it was issued on July 9, 2002.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit F purports to be a true and correct copy of the '833 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 50 of the Complaint.

51.     SDC denies the allegations of Paragraph 51 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

52.     SDC denies the allegations of Paragraph 52 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

53.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53 of the Complaint and, on that basis, denies the allegations of Paragraph 53 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

54.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54 of the Complaint as they relate to Toshiba and, on that basis, denies them.

55.     SDC admits that the '213 Patent states on its face that U.S. Patent Application No. 10/314,243 was filed on December 9, 2002.  SDC denies the remaining allegations of Paragraph 55 of the Complaint.

56.     SDC admits that the '213 Patent states on its face that its application number is 10/314,243, that it is titled "Liquid Crystal Module Mounting Structure and Mobile Terminal Mounted with the Same," and that it was issued on November 9, 2004.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit G purports to be a true and correct copy of the '213 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 56 of the Complaint.

57.     SDC denies the allegations of Paragraph 57 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

58.     SDC denies the allegations of Paragraph 58 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

59.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59 of the Complaint and, on that basis, denies the allegations of Paragraph 59 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

60.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60 of the Complaint as they relate to Toshiba and, on that basis, denies them.

61.     SDC admits that the '053 Patent states on its face that U.S. Patent Application No. 10/259,543 was filed on September 27, 2002.  SDC denies the remaining allegations of Paragraph 61 of the Complaint.

62.     SDC admits that the '053 Patent states on its face that its application number is 10/259,543, that it is titled "Circuit Substrate Connecting Structure, Liquid Crystal Display Device having the Connecting Structure and Mounting Method of Liquid Crystal Display Device," and that it was issued on June 21, 2005.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit H purports to be a true and correct copy of the '053 Patent. Except as specifically admitted, SDC denies the remaining allegations of Paragraph 62 of the Complaint.

63.     SDC denies the allegations of Paragraph 63 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

64.     SDC denies the allegations of Paragraph 64 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

65.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65 of the Complaint and, on that basis, denies the allegations of Paragraph 65 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

66.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66 of the Complaint as they relate to Toshiba and, on that basis, denies them.

67.     SDC admits that the '190 Patent states on its face that U.S. Patent Application No. 10/923,432 was filed on August 20, 2004.  SDC denies the remaining allegations of Paragraph 67 of the Complaint.

68.     SDC admits that the '190 Patent states on its face that its application number is 10/923,432, that it is titled "LCD Device Including a TFT for Reducing Leakage Current," and that it was issued on December 2, 2008.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit I purports to be a true and correct copy of the '190 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 68 of the Complaint.

69.     SDC denies the allegations of Paragraph 69 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

70.     SDC denies the allegations of Paragraph 70 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

71.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71 of the Complaint and, on that basis, denies the allegations of Paragraph 71 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

72.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72 of the Complaint as they relate to Toshiba and, on that basis, denies them.

73.     SDC admits that the '534 Patent states on its face that U.S. Patent Application No. 09/310,574 was filed on May 12, 1999.  SDC denies the remaining allegations of Paragraph 73 of the Complaint.

74.     SDC admits that the '534 Patent states on its face that its application number is 09/310,574, that it is titled "Thin Film Transistor Array and Method for Fabricating the Same," and that it was issued on April 3, 2001.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit J purports to be a true and correct copy of the '534 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 74 of the Complaint.

75.     SDC denies the allegations of Paragraph 75 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

76.     SDC denies the allegations of Paragraph 76 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

77.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 77 of the Complaint and, on that basis, denies the allegations of Paragraph 77 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

78.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 78 of the Complaint as they relate to Toshiba and, on that basis, denies them.

79.     SDC admits that the '352 Patent states on its face that U.S. Patent Application No. 09/590,285 was filed on June 9, 2000.  SDC denies the remaining allegations of Paragraph 79 of the Complaint.

80.     SDC admits that the '352 Patent states on its face that its application number is 09/590,285, that it is titled "Liquid Crystal Display Device" and that it was issued on September 24, 2002.  SDC admits that the document Plaintiffs have attached to the Complaint as Exhibit K purports to be a true and correct copy of the '352 Patent.  Except as specifically admitted, SDC denies the remaining allegations of Paragraph 80 of the Complaint.

81.     SDC denies the allegations of Paragraph 81 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

82.     SDC denies the allegations of Paragraph 82 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

83.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83 of the Complaint and, on that basis, denies the allegations of Paragraph 83 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

84.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 84 of the Complaint as they relate to Toshiba and, on that basis, denies them.

85.     To the extent the allegations of Paragraph 85 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 85 of the Complaint as they relate to Toshiba's products accused in this proceeding

("Accused Products"), and on that basis, denies them, except those allegations that consist of legal contentions or legal arguments to which no response is required.

86.     To the extent the allegations of Paragraph 86 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 86 of the Complaint as they relate to Toshiba and, on that basis, denies them, except those allegations that consist of legal contentions or legal arguments, to which no response is required.

87.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87 of the Complaint as they relate to Toshiba and, on that basis, denies them, except those allegations that consist of legal contentions or legal arguments, to which no response is required.

88.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 88 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT I
## INFRINGEMENT OF THE '927 PATENT

89.     SDC incorporates by reference its responses to Paragraphs 1-88 as if fully set forth herein.

90.     SDC denies the allegations of Paragraph 90 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

91.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 91 of the Complaint and, on that basis, denies the allegations of

Paragraph 91 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

92.     To the extent the allegations of Paragraph 92 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 92 of the Complaint as they relate to Toshiba and, on that basis, denies them.

93.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93 of the Complaint as they relate to Toshiba and, on that basis, denies them.

94.     To the extent the allegations of Paragraph 94 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 94 of the Complaint as they relate to Toshiba and, on that basis, denies them.

95.     To the extent the allegations of Paragraph 95 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 95 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT II
## INFRINGEMENT OF THE '275 PATENT[2]

---

[2] Plaintiffs have represented that they will dismiss their claims on the '275 Patent in light of the institution of *inter partes* review on this patent.  *See* No. 14-803, D.I. 104.  Therefore, SDC understands that Count II is being withdrawn, mooting the allegations in paragraphs 96-102. SDC is nevertheless providing responses to these allegations, to the extent that the claims somehow remain operative.

96.     SDC incorporates by reference its responses to Paragraphs 1-95 as if fully set forth herein.

97.     SDC denies the allegations of Paragraph 97 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

98.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 98 of the Complaint and, on that basis, denies the allegations of Paragraph 98 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

99.     To the extent the allegations of Paragraph 99 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 99 of the Complaint as they relate to Toshiba and, on that basis, denies them.

100.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 100 of the Complaint as they relate to Toshiba and, on that basis, denies them.

101.     To the extent the allegations of Paragraph 101 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 101 of the Complaint as they relate to Toshiba and, on that basis, denies them.

102.     To the extent the allegations of Paragraph 102 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the

allegations of Paragraph 102 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT III
## INFRINGEMENT OF THE '589 PATENT

103.    SDC incorporates by reference its responses to Paragraphs 1-102 as if fully set forth herein.

104.    SDC denies the allegations of Paragraph 104 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

105.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 105 of the Complaint and, on that basis, denies the allegations of Paragraph 105 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

106.    To the extent the allegations of Paragraph 106 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 106 of the Complaint as they relate to Toshiba and, on that basis, denies them.

107.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 107 of the Complaint as they relate to Toshiba and, on that basis, denies them.

108.    To the extent the allegations of Paragraph 108 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 108 of the Complaint as they relate to Toshiba and, on that basis, denies them.

109.     To the extent the allegations of Paragraph 109 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 109 of the Complaint as they relate to Toshiba and, on that basis, denies them.

### COUNT IV
### INFRINGEMENT OF THE '092 PATENT[3]

110.     SDC incorporates by reference its responses to Paragraphs 1-109 as if fully set forth herein.

111.     SDC denies the allegations of Paragraph 111 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

112.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 112 of the Complaint and, on that basis, denies the allegations of Paragraph 112 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

113.     To the extent the allegations of Paragraph 113 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 113 of the Complaint as they relate to Toshiba and, on that basis, denies them.

---

[3] Plaintiffs have represented that they will dismiss their claims on the '092 patent in light of the institution of *inter partes* review on this patent.  *See* No. 14-803, D.I. 104.  Therefore, SDC understands that Count IV is being withdrawn, mooting the allegations in paragraphs 110-116. SDC is nevertheless providing responses to these allegations, to the extent that the claims somehow remain operative.

—

114.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 114 of the Complaint as they relate to Toshiba and, on that basis, denies them.

115.     To the extent the allegations of Paragraph 115 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 115 of the Complaint as they relate to Toshiba and, on that basis, denies them.

116.     To the extent the allegations of Paragraph 116 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 116 of the Complaint as they relate to Toshiba and, on that basis, denies them.

**COUNT V**
**INFRINGEMENT OF THE '163 PATENT**[4]

117.     SDC incorporates by reference its responses to Paragraphs 1-116 as if fully set forth herein.

118.     SDC denies the allegations of Paragraph 118 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

119.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 119 of the Complaint and, on that basis, denies the allegations of

---

[4] Plaintiffs have represented that they will dismiss their claims on the '163 patent in light of the institution of *inter partes* review on this patent.  *See* No. 14-803, D.I. 104.  Therefore, SDC understands that Count V is being withdrawn, mooting the allegations in paragraphs 117-123. SDC is nevertheless providing responses to these allegations, to the extent that the claims somehow remain operative.

Paragraph 119 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

120.     To the extent the allegations of Paragraph 120 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 120 of the Complaint as they relate to Toshiba and, on that basis, denies them.

121.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 121 of the Complaint as they relate to Toshiba and, on that basis, denies them.

122.     To the extent the allegations of Paragraph 122 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 122 of the Complaint as they relate to Toshiba and, on that basis, denies them.

123.     To the extent the allegations of Paragraph 123 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 123 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT VI
## INFRINGEMENT OF THE '833 PATENT

124.     SDC incorporates by reference its responses to Paragraphs 1-123 as if fully set forth herein.

125.     SDC denies the allegations of Paragraph 125 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

126.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 126 of the Complaint and, on that basis, denies the allegations of Paragraph 126 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

127.     To the extent the allegations of Paragraph 127 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 127 of the Complaint as they relate to Toshiba and, on that basis, denies them.

128.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 128 of the Complaint as they relate to Toshiba and, on that basis, denies them.

129.     To the extent the allegations of Paragraph 129 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 129 of the Complaint as they relate to Toshiba and, on that basis, denies them.

130.     To the extent the allegations of Paragraph 130 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 130 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT VII
## INFRINGEMENT OF THE '213 PATENT[5]

---

[5] Plaintiffs have represented that they will dismiss their claims on the '213 patent in light of the institution of *inter partes* review on this patent.  *See* No. 14-803, D.I. 104.  Therefore, SDC understands that Count VII is being withdrawn, mooting the allegations in paragraphs 131-137.

131.    SDC incorporates by reference its responses to Paragraphs 1-130 as if fully set forth herein.

132.    SDC denies the allegations of Paragraph 132 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

133.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 133 of the Complaint and, on that basis, denies the allegations of Paragraph 133 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

134.    To the extent the allegations of Paragraph 134 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 134 of the Complaint as they relate to Toshiba and, on that basis, denies them.

135.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 135 of the Complaint as they relate to Toshiba and, on that basis, denies them.

136.    To the extent the allegations of Paragraph 136 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 136 of the Complaint as they relate to Toshiba and, on that basis, denies them.

137.    To the extent the allegations of Paragraph 137 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the

SDC is nevertheless providing responses to these allegations, to the extent that the claims somehow remain operative.

allegations of Paragraph 137 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT VIII
## INFRINGEMENT OF THE '053 PATENT[6]

138.    SDC incorporates by reference its responses to Paragraphs 1-137 as if fully set forth herein.

139.    SDC denies the allegations of Paragraph 139 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

140.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 140 of the Complaint and, on that basis, denies the allegations of Paragraph 140 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

141.    To the extent the allegations of Paragraph 141 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 141 of the Complaint as they relate to Toshiba and, on that basis, denies them.

142.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 142 of the Complaint as they relate to Toshiba and, on that basis, denies them.

143.    To the extent the allegations of Paragraph 143 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations.

---

[6] Plaintiffs have represented that they will dismiss their claims on the '053 Patent in light of the institution of *inter partes* review on this patent.  *See* No. 14-803, D.I. 104.  Therefore, SDC understands that Count VIII is being withdrawn, mooting the allegations in paragraphs 138-144. SDC is nevertheless providing responses to these allegations, to the extent that the claims somehow remain operative.

Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 143 of the Complaint as they relate to Toshiba and, on that basis, denies them.

144.   To the extent the allegations of Paragraph 144 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 144 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT IX
## INFRINGEMENT OF THE '190 PATENT

145.   SDC incorporates by reference its responses to Paragraphs 1-144 as if fully set forth herein.

146.   SDC denies the allegations of Paragraph 146 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

147.   SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 147 of the Complaint and, on that basis, denies the allegations of Paragraph 147 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

148.   To the extent the allegations of Paragraph 148 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 148 of the Complaint as they relate to Toshiba and, on that basis, denies them.

149.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 149 of the Complaint as they relate to Toshiba and, on that basis, denies them.

150.    To the extent the allegations of Paragraph 150 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 150 of the Complaint as they relate to Toshiba and, on that basis, denies them.

151.    To the extent the allegations of Paragraph 151 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 151 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## COUNT X
## INFRINGEMENT OF THE '534 PATENT

152.    SDC incorporates by reference its responses to Paragraphs 1-151 as if fully set forth herein.

153.    SDC denies the allegations of Paragraph 153 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

154.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 154 of the Complaint and, on that basis, denies the allegations of Paragraph 154 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

25

155.    To the extent the allegations of Paragraph 155 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 155 of the Complaint as they relate to Toshiba and, on that basis, denies them.

156.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 156 of the Complaint as they relate to Toshiba and, on that basis, denies them.

157.    To the extent the allegations of Paragraph 157 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 157 of the Complaint as they relate to Toshiba and, on that basis, denies them.

158.    To the extent the allegations of Paragraph 158 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 158 of the Complaint as they relate to Toshiba and, on that basis, denies them.

**COUNT XI**
**INFRINGEMENT OF THE '352 PATENT**

159.    SDC incorporates by reference its responses to Paragraphs 1-158 as if fully set forth herein.

160.    SDC denies the allegations of Paragraph 160 of the Complaint to the extent the allegations consist of legal contentions or legal arguments to which no response is required.

161.    SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 161 of the Complaint and, on that basis, denies the allegations of

Paragraph 161 of the Complaint except those allegations that consist of legal contentions or legal arguments to which no response is required.

162.     To the extent the allegations of Paragraph 162 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 162 of the Complaint as they relate to Toshiba and, on that basis, denies them.

163.     SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 163 of the Complaint as they relate to Toshiba and, on that basis, denies them.

164.     To the extent the allegations of Paragraph 164 of the Complaint relate to alleged infringement based on technology supplied by SDC, SDC denies the allegations.  Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 164 of the Complaint as they relate to Toshiba and, on that basis, denies them.

165.     To the extent the allegations of Paragraph 165 of the Complaint relate to alleged willful infringement based on technology supplied by SDC, SDC denies the allegations. Otherwise, SDC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 165 of the Complaint as they relate to Toshiba and, on that basis, denies them.

## JURY DEMAND

No response to Plaintiffs' jury demand is required.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

SDC denies that Plaintiffs are entitled to any relief, whether enumerated as paragraphs (a) through (e) of the Complaint or otherwise requested.

## DEFENSES

Without admitting or implying that SDC bears the burden of proof as to any of them, SDC asserts that Plaintiffs' claims are barred in whole or in part by the following defenses.

### FIRST DEFENSE
**(Non-Infringement)**

Toshiba has not infringed, contributed to the infringement of, or induced the infringement of any valid claims of the Asserted Patents based on or as a result of technology supplied by SDC and used in Toshiba Accused Products.

### SECOND DEFENSE
**(Invalidity of the Asserted Patents)**

One or more claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE
**(Equitable Defenses)**

On information and belief, Plaintiffs' claims for relief are barred in whole or in part under the doctrines of laches, waiver, and/or estoppel, or other equitable defenses.

### FOURTH DEFENSE
**(No Injunctive Relief)**

To the extent that Plaintiffs seek a preliminary or permanent injunction based on technology supplied by SDC, such an injunction would be improper in this case under the legal standards for injunctions.

### FIFTH DEFENSE
**(Lack of Notice Under 35 U.S.C. § 287)**

Plaintiffs' ability to recover for any alleged infringement is limited to the extent that Plaintiffs and/or its licensees failed to meet the requirement of 35 U.S.C. § 287.

**SIXTH DEFENSE**
**(Prosecution History Estoppel)**

Plaintiffs are estopped from construing or interpreting claims of the patents-in-suit to cover technology supplied by SDC by reason of proceedings in the U.S. Patent and Trademark Office ("PTO") during prosecution and/or review of the applications upon which the patents issued, and the admissions and representations made therein to the PTO on behalf of the applicants.

**SEVENTH DEFENSE**
**(License/Exhaustion)**

On information and belief, Plaintiffs' claims for relief are barred insofar as the Accused Products are licensed or impliedly licensed under the Asserted Patents, or under the doctrine of patent exhaustion.

**RESERVATION OF DEFENSES**

SDC reserves the right to assert additional defenses raised by Toshiba, or other defenses that may become known.

**EXCEPTIONAL CASE**

SDC alleges that this is an exceptional case under 35 U.S.C. § 285 and that SDC is entitled to its costs, attorneys' fees, and expenses in this action.

**PRAYER FOR RELIEF**

WHEREFORE, SDC respectfully prays that the Court:

    A.  Enter judgment against Plaintiffs with respect to any claims of infringement based on technology supplied by SDC, thereby dismissing Plaintiffs' Complaint with prejudice;

    B.  Find that each of the claims of the Asserted Patents is not infringed, either willfully or otherwise, by any technology or action of SDC or its customers,

suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C.  Find that claims of the Asserted Patents are invalid;

D.  Deny Plaintiffs' requests for damages and injunctive relief with respect to any claims of infringement based on technology supplied by SDC;

E.  Declare that this is an exceptional case under 35 U.S.C. § 285 and award SDC its costs, attorney's fees, and expenses; and

F.  Grant SDC such other and further relief as this Court deems just and proper under the circumstances.


Of Counsel:                                              /s/ Adam W. Poff
                                                         Adam W. Poff (No. 3990)
Kevin B. Collins                                         Pilar G. Kraman (No. 5199)
Jeffrey Lerner                                           YOUNG CONAWAY STARGATT &
David A. Garr                                            TAYLOR, LLP
COVINGTON & BURLING LLP                                  Rodney Square
One CityCenter, 850 Tenth Street, NW                     1000 North King Street
Washington, DC 20001                                     Wilmington, DE 19801
(202) 662-6000                                           (302) 571-6600
                                                         APoff@ycst.com
Robert T. Haslam                                         PKraman@ycst.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700                        *Attorneys for Intervenor Samsung Display Co.,*
Redwood Shores, CA 94065                                 *Ltd.*
(650) 632-4700

Dated:  June 17, 2016

30

## <u>CERTIFICATE OF SERVICE</u>

I, Adam W. Poff, Esquire, hereby certify that on June 17, 2016, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on June 17, 2016, I caused the foregoing document to be served by e-mail on the following counsel of record:

> Patricia Smink Rogowski
> Aaron Robert Ettelman
> Dennis James Butler
> John David Simmons
> PANITCH SCHWARZE BELISARIO & NADEL LLP
> Applied Bank Center
> 2200 Concord Pike, Suite 201
> Wilmington, DE 19803-2909
> *progowski@panitchlaw.com*
> *aettelman@panitchlaw.com*
> *dbutler@panitchlaw.com*
> *jsimmons@panitchlaw.com*
>
> Frederick Tecce
> Kimberly Chotkowski
> Stephen E. Murray
> Keith A. Jones
> Bryon T. Wasserman
> PANITCH SCHWARZE BELISARIO & NADEL LLP
> One Commerce Square
> 2005 Market Street, Suite 2200
> Philadelphia, PA 19103
> *ftecce@panitchlaw.com*
> *kchotkowski@panitchlaw.com*
> *smurray@panitchlaw.com*
> *kjones@panitchlaw.com*
> *bwasserman@pantichlaw.com*
>
> *Attorneys for Plaintiffs*

Robert W. Mallard
DORSEY & WHITNEY (DELAWARE) LLP
300 Delaware Avenue
Suite 1010
Wilmington, DE 19801
*mallard.robert@dorsey.com*

Paul T. Meiklejohn
David Tseng
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
*meiklejohn.paul@dorsey.com*
*tseng.david@dorsey.com*

Clinton L. Conner
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
*conner.clint@dorsey.com*

*Attorneys for Defendants Toshiba Corporation*
*and Toshiba America Information Systems Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Intervenor*
*Samsung Display Co., Ltd.*

Dated: June 17, 2016