

# PANITCH
## SCHWARZE

DENNIS J. BUTLER
(302) 394-6006/fax: (302) 394-6031
dbutler@panitchlaw.com

January 2, 2017

*Via ECF & Hand Delivery*

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *MiiCs & Partners America Inc., et al. v. Toshiba., et al.* – C.A. No. 1:14-cv-803-RGA
*MiiCs & Partners America Inc., et al. v. Funai., et al.* – C.A. No. 1:14-cv-804-RGA

Dear Judge Andrews:

Plaintiffs MiiCs & Partners America, Inc. and Gold Charm Limited ("Plaintiffs") write to request that the Court order defendants Funai Electric Co. Ltd., *et al.* ("Funai") and Toshiba Corporation, *et al.* ("Toshiba") and intervenor Samsung Display Co., Ltd ("Samsung") (collectively "Defendants") to comply with this Court's previous Order and work in good faith to limit their prior art invalidity references, as follows:

- 6 prior art references per asserted patent; and
- no more than 20 total references in the 2 cases.

Plaintiffs request the limitation in accordance with the Federal Circuit Advisory Council's Model Order Limiting Excess Patent Claims and Prior Art ("Fed. Cir. Model Order"), which is attached as Exhibit A.

## BACKGROUND

On June 24, 2014, Plaintiffs filed Complaints (D.I. 1) asserting Toshiba and Funai each infringed 9 patents and on March 31, 2015, Amended Complaints (D.I. 35 in 14-803 and D.I. 38 in 14-804) were filed asserting Toshiba infringed 11 patents and Funai infringed 10 patents, including U.S. Patent No. 6,456,352 ("'352 patent"). On March 31, 2015, the Court issued Memorandum and Case Management Orders ("Orders") (D.I. 34 in 14-803 and D.I. 37 in 14-804), which are attached as Exhibit B. In the Orders, the Court stated: *(emphasis in the original)*

> … if Plaintiffs are asserting more than thirty-two (32) claims in any case, Plaintiffs are **ORDERED** to reduce the number of asserted clams to thirty-two (32) by no later than April 10, 2015. As was discussed at the scheduling conference, each case is set to be tried in five days, which acts as an outside limit on how much complexity either side is able to actually try. *Id.* at pg. 2.



The Honorable Richard G. Andrews
January 2, 2017
Page 2

> Plaintiffs and Defendants are **DIRECTED** to meet and confer about appropriately limiting the amount of asserted prior art in view of the limitations placed on Plaintiffs. *Id.* at fn. 1.

On April 10, 2015, Plaintiffs limited the asserted claims to thirty-two in each of the cases, as ordered by the Court and as required by the Fed. Cir. Model Order at this early stage in the cases. (Exhibit A, pg. 6, ¶ 2.)

Between June 16, 2015 and June 26, 2015, Funai, Toshiba and Samsung filed Petitions for *Inter Partes* Review against each of the asserted claims of the asserted patents, except the '352 patent. On January 14, 2016, Funai, Toshiba and Samsung filed a Petition for *Inter Partes* Review against the '352 patent. Over forty prior art references were utilized by the Defendants in the IPRs.

In a July 2, 2015 email, Plaintiffs proposed "limiting the amount of prior art to two reference for each asserted patent or for a total of twenty-four (24) references." (Exhibit C.) Funai responded, suggesting "that the parties talk about what limits, if any, on the number of prior art references would be appropriate after we have served our invalidity contentions next week" in an email of July 10, 2015 and Toshiba agreed in a July 12, 2015 email. *Id.*

On July 14, 2015, Toshiba and Funai filed Motions to Stay Pending *Inter Partes* Review (D.I. 69 in 14-803 and D.I. 74 in 14-804) based on the IPRs. On August 11, 2015, the Court granted the motions to stay for a limited duration until the IPR petitions were resolved. (D.I. 82 in 14-803 and D.I. 84 in 14-804). On March 23, 2016, the Court lifted the stays and dismissed certain asserted patents and claims as a result of determinations in the IPRs. (D.I. 112 in 14-803 and D.I. 117 in 14-804). As a result of these Orders and additional developments in the IPRs, Plaintiffs currently assert eighteen claims in six patents against Funai and fourteen claims in five patents against Toshiba.

As of mid-November, 2016, Defendants have asserted prior art publications, "on-sale" products and invalidity claim charts, as follows:

| Party | Publications | Products | Claim Charts |
|---|---|---|---|
| Funai | 42 | 7 | 42 |
| Toshiba | 46 | 27 | 80 |
| Samsung | 53 | 21 | 60 |

During a meet and confer on December 19, 2016 and *via* a December 20, 2016 email (Exhibit D), Defendants proposed "narrowing the prior art references to 6 references per patent …."



**PANITCH SCHWARZE**

The Honorable Richard G. Andrews
January 2, 2017
Page 3

Exhibit D. Defendants proposal would result in 30 references for the Toshiba case (14-803) and 36 references for the Funai case (14-804) or a total of 66 references.

## ARGUMENT

In the Orders, the Court stated, "each case is set to be tried in five days, which acts as an outside limit on how much complexity either side is able to actually try." Defendants proposal to "limit" the number of asserted invalidity references to 66 over the two cases and 6 per patent is excessive for reasonably trying these cases. Plaintiffs proposal of 20 total references and 6 per patent is taken directly from the Fed. Cir. Model Order and may itself be more complex than can be reasonably addressed in a five day trial, but is aligned with the limitation of asserted claims placed on Plaintiffs. The Fed. Cir. Model Order limitations provide sufficient focus to the invalidity defenses in these cases, reduces excessive burdens that may be placed on the Court in reviewing excessive invalidity positions and lowers expenses for the parties. Moreover, an even lower limit may be appropriate under the particular circumstances of these cases, since each of the asserted patents has been unsuccessfully challenged by the Defendants and Intervenor at the USPTO's Patent Trial and Appeal Board on the basis of various prior art references.

The Fed. Cir. Model Order also suggests a limit of a total of sixteen asserted claims during this stage of the litigation. (Exhibit A, p. 7, ¶ 3.) Plaintiffs will limit their asserted claims to sixteen across the two cases if the Court determines the Fed. Cir. Model Order is appropriate for these cases.

## CERTIFICATION

I certify that, pursuant to Rule 37(a)(1) of the Federal Rules Civil Procedure and Rule 7.1.1 of the District Court's Local Rules, the parties conferred with one another by phone, a reasonable effort has been made to reach agreement on the matters set forth herein and the parties have been unable to reach an agreement.

Respectfully submitted,

*Dennis Butler*
Dennis J. Butler
Del. Bar. #5981

DJB/tb
Attachments

cc: All Counsel of Record *(via electronic mail, w/attachments)*