

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

Adam W. Poff
P 302.571.6642
F 302.576.3326
apoff@ycst.com

January 3, 2017

**BY ECF AND HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:  *MiiCs v. Toshiba* and *MiiCs v. Funai*, 14-803 and 14-804

Dear Judge Andrews:

    Defendants Toshiba and Funai and Intervenor Samsung Display Co. ("SDC") (collectively, "Defendants") write in response to Plaintiffs' January 2 discovery letter (14-803 D.I. 281, 14-804 DI 293), in advance of the hearing at 1:30 p.m. tomorrow.

### Background

    This dispute arises after several months of unsuccessful attempts to get Plaintiffs to provide validity contentions. Though SDC served an interrogatory last August calling for "the full basis for Your contention that the claims are not invalid," Exhibit E, and followed up with a long stream of deficiency letters and emails, *see* Exhibit F, Plaintiffs have yet to provide any substantive response to SDC's interrogatory. While Plaintiffs promised in October that "MiiCs will supplement its response to Interrogatory No. 3," *id.*, they never did so. Rather, in November they took the position (for the first time) that they would not provide any validity contentions absent agreement or a Court ruling as to the total number of prior art references. *See id.*[1]

    In a final effort to resolve the issue, and to obtain validity contentions sufficiently in advance of the expert report deadline, SDC proposed a compromise on December 19 in which Defendants would limit their prior art to 6 references per patent (a "reference" here means a prior-art publication or product), and SDC would grant Plaintiffs a two-week extension past the fact discovery period (i.e., through January 6) to provide their validity contentions. *See* Exhibit D. Plaintiffs rejected this compromise. While they agreed to the 6-per-patent limit, Plaintiffs further insisted on an overall limit of 20 references across the total of six patents asserted in the

---

[1] Given the related nature of these issues, Delaware counsel for SDC and Plaintiffs discussed when scheduling the hearing that they could be resolved together, with the understanding that Plaintiffs would raise the prior art limits as the moving party.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Richard G. Andrews
January 3, 2017
Page 2

two cases (which amounts to $3^1/_3$ references per patent), and on that basis raised this dispute with the Court.  *See id.*

Plaintiffs' January 2 letter erroneously states that Defendants' proposal would result in "a total of 66 references" for the two cases.  This statement could be true only if Defendants intended to identify an entirely distinct set of references in the two cases, even though the vast majority of the asserted claims and patents are the same in both.  This was not Defendants' intent.  To be clear, Defendants are proposing to identify a single set of prior art references for each patent, up to a limit of 6 references, for both cases.  As a result, Defendants' proposal would result in a collective limit of no more than 36 references across both cases.

### Argument

The Court should adopt Defendants' compromise on the prior art.  Limiting the prior art to 6 references per patent, and thus no more than 36 references in total, is a significant reduction.  It cuts the art asserted by well over 50%, and more than splits the difference as between overall limits of 66 and 20.  Moreover, it reflects a good-faith proposal by Defendants and Intervenor to streamline the cases by using the same art in each of them, in recognition that five of the six patents-at-issue are asserted against both Toshiba and Funai.  Finally, it is less than the total limit would be if the Court were to separately impose the 20-reference limit of the Federal Circuit Advisory Council's model order in each case (for a collective total of 40).

A total collective limit of 20 references, as Plaintiffs now propose, is unduly limiting.  Plaintiffs have asserted six disparate patents against Funai and five of them against Toshiba.  None of the patents are related, and they cover diverse aspects of liquid crystal display ("LCD") technologies ranging from the frame of a display panel (e.g., the '927 patent), to the backlights used to light a LCD (e.g., the '833 patent), all the way down to the methods of manufacturing the semiconductor and metal layers of a LCD's thin film transistor array (e.g., the '589 patent).

Although minimal overlap in the prior art exists with respect to the basic concepts behind LCDs, separate categories of references must be reviewed for the specific technologies set forth in the asserted claims of each of the patents.  The differences in the asserted claims are further heightened by the differences in claim type, i.e., apparatus claims versus methods of fabrication, the details of which are not always set forth in the same references.  Moreover, Defendants' invalidity defenses involve various obviousness combinations, which of course each require multiple references.  For these reasons, limiting defendants to 20 total references—which works out to just $3^1/_3$ references per patent—is overly restrictive.

In support of their 20-reference limit, Plaintiffs point to a particular paragraph from a proposed model order from the Federal Circuit Advisory Council.  This does not help Plaintiffs.  First, Plaintiffs themselves are not in compliance with this paragraph, which includes corresponding limits on the permissible number of asserted claims that, despite their promises of future compliance, Plaintiffs admit they currently exceed.  Second, this proposed order was not adopted by Federal Circuit as a model, and was in fact removed from the court's website "since the court has not sponsored or endorsed the order[]."
http://www.cafc.uscourts.gov/sites/default/files/model_orders.pdf.  Third, even the paragraph in question specifically recognizes, in a footnote, that "[i]n cases involving *several patent families*

01:21375220.1

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
January 3, 2017
Page 3

*or diverse technologies, or disparate claims within a patent*, the court should consider flexibly whether circumstances warrant expanding the limits on prior art." Exhibit A, page 7, footnote 2 (emphasis added).  Finally, Plaintiffs provide no reason why the order should be applied to the cases collectively, as opposed to individually.  Therefore, the Court should adopt Defendants' more sensible limit of six references per patent.

In connection with its consideration of proposed limits on the prior art that may be asserted, the Court should also set a date certain for Plaintiffs to provide a substantive response to the underlying discovery request that gave rise to this dispute.  SDC's Interrogatory No. 3 requests "the full basis for Your contention that the claims are not invalid over the specific prior art and other grounds of invalidity identified in [Defendants'] Invalidity Contentions," along with related documentation.  Exhibit E.  Other than their recent argument that the prior art should be limited—which Plaintiffs did not raise with SDC until late November—Plaintiffs have provided no justification for their refusal to provide such contentions.  Apart from some boilerplate objections, Plaintiffs' full response to this interrogatory reads as follows:

> Subject to and without waiving the foregoing objections, MiiCs hereby states that the asserted patents are presumed valid by statute, and objective evidence of non-obviousness includes at least the fact that the asserted patents have been licensed to other parties. MiiCs further states that no reference disclosed in SDC's and/or Defendants' Invalidity Contentions, alone or in combination, discloses each and every limitation of the asserted claims of the asserted patents and the asserted claims of the asserted patents are therefore not invalid under 35 U.S.C. §§ 102 and 103 based upon the prior art disclosed by SDC and/or Defendants.
>
> MiiCs further notes that discovery is ongoing and hereby specifically reserves its right to supplement its response

Exhibit E.  This conclusory response is plainly deficient, as it fails to identify any specific basis for Plaintiffs' alleged validity contentions, and fails to put the parties on notice of the positions Plaintiffs intend to take in this litigation.

Back in October, Plaintiffs successfully moved to compel one defendant to respond to a noninfringement interrogatory, arguing that "Funai should be compelled to disclose its noninfringement positions so that MiiCs can question Funai's witnesses and address any alleged deficiencies of proof."  14-804, D.I. 218, at 4.  Yet Plaintiffs have failed to disclose their validity positions, precluding Defendants from following up on them during the fact discovery period.  And Plaintiffs' failure is now prejudicing Defendants' ability to work with their experts to prepare initial expert reports.

Defendants made a good-faith offer to narrow their prior art down to 6 references per patent, and stand ready to do so.  In turn, given that initial expert reports are due on January 20, Plaintiffs should be required to provide a full substantive response to SDC's Interrogatory No. 3 by no later than January 13.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Richard G. Andrews
January 3, 2017
Page 4

        Respectfully submitted,

        */s/ Adam W. Poff*

        Adam W. Poff

cc:    Clerk of the Court
       Counsel of Record

01:21375220.1