# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MIICS & PARTNERS, AMERICA, INC.**, *et al.* )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>**TOSHIBA CORPORATION**, *et al.* )<br>)<br>*Defendants,* )<br>)<br>and )<br>**SAMSUNG DISPLAY CO., LTD.,** )<br>)<br>*Intervenor.* ) | **Civil Action No. 1:14-cv-00803-RGA** |
| **MiiCs & PARTNERS AMERICA, INC.,** *et al.* )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>**FUNAI ELECTRIC CO., LTD**, *et al.* )<br>)<br>*Defendants.* )<br>)<br>and )<br>**SAMSUNG DISPLAY CO., LTD.,** )<br>)<br>*Intervenor.* )<br>) | **Civil Action No. 1:14-cv-00804-RGA** |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO INTERVENOR SAMSUNG DISPLAY CO., LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, MiiCs & Partners America, Inc., and Gold Charm Limited (collectively "MiiCs" or "Plaintiffs"), hereby serve Intervenor Samsung Display Co., Ltd. ("SDC" or "Intervenor") with the following responses to Intervenor's First Set of Interrogatories (Nos. 1-6).

MiiCs responds generally that its discovery and investigations of facts relevant to this litigation are ongoing. MiiCs' responses herein are given without prejudice to MiiCs's right to amend or supplement in accordance with Fed. R. Civ. P. 26(e), the Local Rules for the United

1



MiiCs further notes that discovery is ongoing and hereby specifically reserves its right to supplement its responses in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:**

To the extent You disagree that the Asserted Claims are invalid for the reasons stated in SDC's and Defendants' Invalidity Contentions, provide the full basis for Your contention that the claims are not invalid over the specific prior art and other grounds of invalidity identified in such Invalidity Contentions, and identify all documents in the possession, custody, control of or available to You which relate to Your response, or upon with You intend to rely for purposes of disputing invalidity.

**RESPONSE**: MiiCs specifically incorporates General Objections 1-3 and 6-10 herein by reference. MiiCs further objects to this Interrogatory as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it improperly asks at least two separate interrogatories, each requesting information regarding distinct topics, and thus constitutes two

separate Interrogatories under Rule 33(a)(1) of the Federal Rules of Civil Procedure and Section 3. d. of the Scheduling Order.

Subject to and without waiving the foregoing objections, MiiCs hereby states that the asserted patents are presumed valid by statute, and objective evidence of non-obviousness includes at least the fact that the asserted patents have been licensed to other parties. MiiCs further states that no reference disclosed in SDC's and/or Defendants' Invalidity Contentions, alone or in combination, discloses each and every limitation of the asserted claims of the asserted patents and the asserted claims of the asserted patents are therefore not invalid under 35 U.S.C. §§ 102 and 103 based upon the prior art disclosed by SDC and/or Defendants.

MiiCs further notes that discovery is ongoing and hereby specifically reserves its right to supplement its responses in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**

Identify each person who has provided funding to You in connection with this litigation or that otherwise has a financial interest in the outcome of this action and describe the nature of that funding or interest.

**RESPONSE**: MiiCs specifically incorporates General Objections 1-2 and 7-10 herein by reference. MiiCs further objects to this Interrogatory as not in any way proportional to the needs of the case as the information sought by this Interrogatory is not relevant to any claim or defense.

**INTERROGATORY NO. 5:**

For each Asserted Patent, identify any piece of prior art related to the subject matter of the Asserted Patents that You, the named inventors of the Asserted Patents, any person involved in prosecuting the patent, or any predecessor in interest to the patent are, or were at any time, aware of (and identify the prior art by Bates number if already produced, or explain why it has not been produced). Include in Your response an identification of which prior art was known to a named inventor or any other person involved in the prosecution of the patent before the patent

MiiCs further notes that discovery is ongoing and hereby specifically reserves its right to supplement its responses in accordance with the Federal Rules of Civil Procedure.

Dated: September 26, 2016

**PANITCH SCHWARZE BELISARIO & NADEL, LLP**

By: /s/ *Dennis J. Butler*
    Dennis J. Butler (Bar No. 5981)
    John D. Simmons (Bar No. 5996)
    Aaron Ettelman (Bar No. 5003)
    Patricia Smink Rogowski (Bar No. 2632)
    Wells Fargo Tower
    2200 Concord Pike, Suite 201
    Wilmington, DE 19803
    Telephone: (302) 394-6030
    progowski@panitchlaw.com
    jsimmons@panitchlaw.com
    dbutler@panitchlaw.com
    aettelman@panitchlaw.com

**Of Counsel:**

Frederick A. Tecce
Kimberly S. Chotkowski
Stephen E. Murray
Keith Jones
Bryon T. Wasserman
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
Telephone:  (215) 965-1330
ftecce@panitchlaw.com
kchotkowski@panitchlaw.com
smurray@panitchlaw.com
kjones@panitchlaw.com
bwasserman@panitchlaw.com

*Attorneys for Plaintiffs, MiiCs & Partners America, Inc. and Gold Charm Limited*