# Exhibit F

# COVINGTON

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

**By Email**

December 15, 2016

Bryon T. Wasserman
Panitch Schwarze Belisario & Nadel LLP
One Commerce Square
2005 Market St. Suite 2200
Philadelphia, PA 19103
BWasserman@panitchlaw.com

Re:  *MiiCs & Partners America Inc. v. Toshiba Corp.*, No. 14-803-RGA
(D. Del.); *MiiCs & Partners America Inc. v. Funai Electric Co.*,
No. 14-804-RGA (D. Del.)

Dear Bryon:

We write to follow up on Plaintiffs' continued refusal to provide a substantive response to SDC's Interrogatory No. 3, calling for "the full basis for Your contention that the claims are not invalid over the specific prior art and other grounds of invalidity identified in [SDC's and Defendants'] Invalidity Contentions," along with related documentation.

As you know, we served this interrogatory back on August 24. Yet Plaintiffs have refused to provide any substantive answer, even as we head into the end of the extended discovery period. On October 18, we sent a letter advising you that Plaintiffs' conclusory response was plainly deficient, and urging you to confirm that Plaintiffs would identify the full basis for any validity positions that they intend to take in this litigation. That letter went unanswered.

After we followed up via email, and requested a meet-and-confer to discuss Plaintiffs' refusal to answer this basic contention interrogatory, Plaintiffs ultimately promised on October 26 that "MiiCs will supplement its response to Interrogatory No. 3 to provide additional detail about its validity positions." Yet Plaintiffs never did so.

We asked you about this again on November 8, and when that email went unanswered, we followed up yet again on November 17. On that day, you promised to provide us "with a response by the close of business tomorrow, including a proposed time to meet and confer, should the parties deem it necessary." When we heard nothing further, and asked about this the following week, you emailed us a letter, which evidently had been emailed on November 18 to one of our lawyers who has had no involvement in this discovery issue—but nobody else on our team. In particular, you inexplicably neglected to transmit the letter to SDC's service email address, or to any our multiple team members who have written to Plaintiffs about your ongoing refusal to provide validity contentions.

**COVINGTON**

Bryon T. Wasserman
December 15, 2016
Page 2

  In any event, your November 18 letter asserted—for the first time, and nearly three months after SDC's Interrogatory No. 3 was served—that Plaintiffs would only provide a substantive response if and when the parties reached agreement (or obtained a decision by the Court) regarding an appropriate limitation on the amount of prior art asserted. In order to "start the conversation," your letter proposed that the asserted prior art be limited to just two references per patent.

  We are disappointed by Plaintiffs' repeated efforts to avoid providing their contentions within the fact discovery period—especially after Plaintiffs moved to compel one defendant to respond to a reciprocal noninfringement interrogatory, stating that "Funai should be compelled to disclose its noninfringement positions so that MiiCs can question Funai's witnesses and address any alleged deficiencies of proof." Case No. 14-804, D.I. 218, at 4.

  Nonetheless, SDC is willing to reasonably narrow its asserted prior art, provided that Plaintiffs agree to provide their validity contentions within the fact discovery period. We propose a limit of ten prior art references per patent. Please provide a time on the afternoon of Friday, December 16 that Plaintiffs are available to meet and confer so that we can finally resolve this issue.

                Regards,

                */s/ David A. Garr*

                David A. Garr