1              UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF DELAWARE

3

4    MiiCs & PARTNERS AMERICA      :   CA NO. 14-803-RGA

5    INC., et al.,                 :

6                                   :

7              Plaintiffs,          :

8                                   :

9         v.                        :   January 4, 2017

10                                  :

11   TOSHIBA CORPORATION, et al., :

12                                  :

13             Defendants,          :   9:03 o'clock a.m.

14   ..............................:

15

16

17            TRANSCRIPT OF DISCOVERY DISPUTE

18        BEFORE THE HONORABLE RICHARD G. ANDREWS

19             UNITED STATES DISTRICT JUDGE

20

21

22   APPEARANCES:

23

24   For Plaintiffs:    PANITCH SCHWARZE BELISARIO & NADEL LLP

25                      BY:  DENNIS J. BUTLER, ESQ

1                          BY:  FREDRICK A. TECCE, ESQ

2

3

4    For Defendants:      DORSEY & WHITNEY LLP

5                         BY:  ROBERT W. MALLARD, ESQ

6                         PAUL T. MEIKLEJOHN, ESQ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Court Reporter:       LEONARD A. DIBBS

25                         Official Court Reporter

1                          P R O C E E D I N G S

2

3              (The proceedings occurred at 9:03 o'clock a.m. as

4        follows:)

:02:41   5              THE COURT:  Good morning.  Please be seated.

6              This is <u>MiiCs & Partners America Inc v. Toshiba</u>

7        <u>Corporation</u>, Civil Action No. 14-803.

8              I read the papers you submitted.

9              Is there any reason, Mr. Tecce, that you can't file an

:02:58   10       Amended Complaint by, say, the close of business tomorrow that

11       makes clear that you are not saying that your damages only start

12       in 2013?

13             MR. TECCE:  I can do that, Judge.  I mean, I --

14             THE COURT:  Okay.

:03:08   15             Is there any reason why you can't file an answer to

16       that Complaint by, say, the middle of next week, saying, you

17       have a license defense?

18             MR. MEIKLEJOHN:  There isn't, your Honor, although, we

19       may oppose the Motion to Amend.

:03:20   20             THE COURT:  All right.

21             Consider that to be overruled.

22             So here's what I'd like to do is, you file your Amended

23       Complaint by end of tomorrow.  You can file a motion if you

24       want, but if so, include an order denying it.  And then I'll

:03:37   25       give you a date to file an answer soon thereafter.

4

1        And, so, is there any reason why it's physically a

2    problem to produce this sales information?

3        You didn't say it was in your letter, but, of course,

4    you said a lot of other things.

:03:55    5        Is there a reason, you know, the plaintiff here made it

6    sounds like it would not be hard, because Toshiba tracks the

7    relevant information by the accused product, is that more or

8    less, right?

9        MR. MEIKLEJOHN:  I think we do track that, your Honor.

:04:14   10        But I think there's a lot of other things that are

11    involved.  We can get the sales information.

12        But if there is a license defense in the case, we would

13    like to then take depositions and discovery of NEC, the other

14    parties to the license.  We thought until recently the license

:04:34   15    was agreed to by everyone.

16        THE COURT:  Well, no, I understand that.

17        And, so, let's do this.

18        You can figure out what depositions you want to take.

19    I'll let you take them.  In the meantime, produce the damages

:04:52   20    information.

21        And NEC, I take it those are more depositions that will

22    have to be done in Japan?

23        MR. MEIKLEJOHN:  They will, your Honor, and there are

24    third parties, so we have to -- so it's going to be a long

:05:07   25    process.

1    THE COURT:  Well, do the best you can.

2    MR. TECCE:  Actually, I agree with him, Judge, if he

3    could take the NEC License.  We have an agreement, Mr.

4    Meiklejohn and I, and I think it's written some place that he

:05:18    5    can depose NEC.  And that when they asked for Letters Rogatory

6    from your Honor about a couple of weeks ago, we said the Letters

7    Rogatory went beyond the agreement.  We were stedfast in our

8    position that we agreed that he could depose somebody from NEC.

9    THE COURT:  Well, my impression was that those NEC

:05:33    10    depositions -- and this is based on memory -- were going to be

11    done before now.  I thought there was a very quick deadline.

12    And, of course, it may be that it was not technically possible.

13    MR. TECCE:  No, I told -- in fact, there's no deadline.

14    It's not mine to give, but I didn't say there was some deadline.

:05:51    15    He asked me.  Mr. Meiklejohn and I had an agreement.

16    We extended the discovery deadlines for everything.  He said he

17    waned to get it, and then he would agree to it if I gave him an

18    opportunity to depose NEC at any point, and I said, yes.

19    So, that's already been agreed to.

:06:05    20    THE COURT:  Isn't it more complicated than that,

21    because, presumably, do the Letters Rogatory just say he can

22    dispose NEC about anything, or does -- there's kind of a -- as I

23    recall, generally and typically in these things, there's an

24    explanation as to what topics he wants to depose him about.

:06:26    25    It's not just an open invitation.

1       I mean, I guess I'm just asking you, is the paperwork
2   that is already in place good enough to let him do that?
3           MR. MEIKLEJOHN:  I don't think so, your Honor.
4           And not only that, the fact that they may agree to
5   allow us to depose NEC doesn't mean NEC will agree.
6           As a matter of fact, Mr. Tecce has told me that NEC has
7   taken a position that it will have nothing to do with this.
8           MR. TECCE:  No, I --
9           THE COURT:  Well, okay.
10          First off, don't interrupt him.
11          MR. TECCE:  Sorry.
12          THE COURT:  I do remember seeing that in the Letters
13  Rogatory, that sort of thing.
14          So, in any event, we're not going to resolve that this
15  morning.
16          But certainly, if you need to amend the Letters
17  Rogatory, or an amendment may not be the correct terminology for
18  what you want to do, maybe you have to do them over again, but
19  whatever it is, I'll sign them.  He won't oppose them.
20          MR. TECCE:  Nope.
21          THE COURT:  And I take it this means that the ones that
22  I already signed, you haven't done those depositions of NEC.
23          So, presumably, it can all be wrapped up into one
24  effort?
25          MR. MEIKLEJOHN:  That's correct, your Honor.

1    I think those Letters Rogatory related to other

2    parties, so I can't really speak to that.

3          THE COURT:  Okay.

4          MR. TECCE:  No, the Letters Rogatory was filed I think

:07:47   5    by Toshiba and Samsung, and then they asked for information from

6    NEC about the License Agreement, which we didn't object to, and

7    other stuff, too.

8          THE COURT:  All right.

9          There's a certain lack of information here, because Mr.

:07:59   10   Meiklejohn, who after all represents Toshiba, he doesn't think

11   it was filed on behalf of Toshiba.

12         MR. MEIKLEJOHN:  Oh, no, it was on behalf of Toshiba.

13   What I'm saying is -- and I can't speak for Funai or Samsung --

14   so I don't know whether they took any depositions or not.

:08:12   15        MR. TECCE:  No.

16        THE COURT:  Okay.  All right.

17        I forget.

18        Do we have a trial date in this thing.

19        MR. TECCE:  December or January.

:08:22   20   THE COURT:  Of 2017?

21        MR. TECCE:  Of 2017, yes.

22        THE COURT:  All right.

23        In any event, based on what I saw about when the

24   Letters Rogatory came in, or something, I remember there was

:08:32   25   something I got like on December 15th, and it was supposed to be

1    to know in Japan by December 16th, or some timing like that, I

2    signed it anyhow, so it struck me not practically possible.

3            But, in any event, since the discovery involves taking

4    stuff from NEC, and the NEC stuff hasn't been taken by Toshiba

:08:59    5    at least, which is the only one that cares about this, it seems

6    to me that we can get you whatever discovery you want.

7            And it may easily be the case that this license -- you

8    know, I don't think resolving the license dispute effectively

9    granting Summary Judgment in a discovery dispute is the right

:09:19    10   way to go.

11           But if we tee it up, it may easily be that it will drop

12   back out of the case, but, you know, I just don't know.

13           So, you can get whatever discovery you need on that.

14           And I guess the other thing I would say is, you said in

:09:36    15   your letter, Mr. Meiklejohn, that, you know, you had an

16   agreement in April of 2015, and I don't doubt you did.

17           But clearly by July 2015, they were saying something

18   else.  It's in one of these exhibits that reference back to July

19   15th.

:09:53    20           And, so, while the Court obviously encourages the

21   parties to resolve their disputes, and to make agreements by

22   themselves, I don't think that sort of agreement you made is one

23   that, based on my understanding of what it was, can't plausibly

24   be revisited when the underlying facts change.

:10:15    25           That's it.

1          Any questions?

2          MR. TECCE:  No.

3          MR. MEIKLEJOHN:  I do, your Honor.

4          So, about a month to present the sales information,

:10:35   5   within a month anyway?

6          THE COURT:  Sounds reasonable to me.

7          MR. MEIKLEJOHN:  Okay.  And, secondly, your Honor, I

8   know your Honor is sort of fixed with respect to the Motion to

9   Amend the Complaint, but I ask -- I wanted to ask you for a

:10:47   10   reconsideration of that.

11          I think for three reasons.

12          They shouldn't be allowed to amend the Complaint.

13          One is, there has been an undue delay.  They've known

14   this since at least July of 2014, that they --

:11:00   15          THE COURT:  '15.

16          MR. MEIKLEJOHN:  I'm sorry, your Honor.

17          '15, that they have a license defense.  And they're --

18   you know, they never amended, and they are going to do it now.

19          Secondly, I think it's futile for a lot of reasons, but

:11:15   20   that's more of a Summary Judgment Motion-type of situation, I

21   think.

22          And, third, it's prejudicial, because now we have to go

23   through the expense of discovery again, but I understand your

24   Honor's is allowing us to do that.

:11:26   25          THE COURT:  Well, right.

1          I was going to say, I don't think the expense of

2    discovery is all that significant, because you're going to Japan

3    to discovery NEC anyhow.

4          MR. MEIKLEJOHN:  Oh, with these other Letters Rogatory?

:11:40    5          THE COURT:  Right.

6          MR. MEIKLEJOHN:  Okay.  Well, you know, I don't know

7    that we'll be allowed to do that or not.  I mean, we have to

8    get, you know, permission from the tribunal there.

9          We don't know whether NEC is going to fight it or what,

:11:52    10   you know?

11         THE COURT:  But --

12         MR. MEIKLEJOHN:  You're right.  I mean, you're right.

13   If we get to do it, we will -- we can --

14         THE COURT:  And, you know, the futility, you're right.

:12:00    15   I think that's something that I wouldn't decide on a Motion to

16   Dismiss, so I'm not going to decide it on a Motion to Amend.

17         And, yeah, there has been some delay, but I looked at

18   the Complaint, you know, and it's basically the same boilerplate

19   paragraph hearing over and over.

:12:23    20         But I guess that's a question, why have you waited this

21   long?

22         MR. TECCE:  Well, because, Judge, for two reasons -- a

23   couple of reasons.

24         First of all, the Complaint references the NEC license,

:12:34    25   which all I knew about was a document that I had gotten from

1 NEC.

2    THE COURT:  But you said that in July of 2015, you

3 translated the License Agreement and now knew that they didn't

4 have a license?

:12:46 5    MR. TECCE:  No, no, they've always had a license under

6 the asserted patents.  That's not in dispute and that's what's

7 in the Complaint.

8    The license that they have doesn't cover the accused

9 products, which is what we did know not know until after we got

:12:59 10 the License Agreement.

11    There was a discussion between Mr. Butler and Toshiba.

12 Toshiba produces a License Agreement.  It's in Japanese.  We had

13 it translated.  And the agreement, I think it's very clear and

14 unambiguous, that it doesn't cover liquid crystal displays.

:13:15 15    THE COURT:  But you had it translated in July 2015,

16 right?

17    MR. TECCE:  Right, but the Complaint doesn't limit.

18    All the Complaint says is that they were licensed under

19 the asserted patents.  Nowhere in the Complaint does it say that

:13:26 20 it covered the accused products.

21    All it says everywhere, and, in fact, even under the

22 Amended Complaint, which I drafted before I got the License

23 Agreement from NEC, on -- if you look at Page 5 it basically

24 says, "including license to the asserted patents," which they

:13:40 25 had.

1          That's not a dispute.  They had a license under the

2    asserted patents.

3          What it doesn't cover is the accused products.  And

4    that's -- nowhere in the Complaint does it say -- and it's a

:13:53    5    notice standard -- but nowhere in the Complaint does it say that

6    the accused products were covered by the licensed product.

7    Nowhere in the Complaint does it say, I'm limiting my damages.

8    And, in fact, if you look at the wherefore clause, it

9    specifically asks for all damages.

:14:05   10          THE COURT:  Well, I thought -- I did look at the

11    wherefore clause, and I thought it was -- it didn't say much of

12    anything at all.

13          MR. TECCE:  But, right but it didn't limit it.  And if

14    you read everyone of these paragraphs that they cite to, all it

:14:17   15    says that, because I have a willful infringement allegation, and

16    that's why these references to this License Agreement is in the

17    Complaint.

18          And what it says is that they were licensed under the

19    asserted patents.  That licenses expired.  And they continued to

:14:28   20    sell products.

21          That's all it says.  I mean, I wrote this Complaint

22    knowing all I had in my possession was this document, which I

23    can hand your Honor, which I had gotten from NEC.

24          And it basically said that Toshiba was licensed for

:14:42   25    monitors and TVs, and did not Toshiba under LCD panel and

1   modules, which is enough for me to say that they aren't

2   licensed, but it's certainly enough that I wrote a Complaint

3   that was ambiguous.

4           THE COURT:  All right.  All right.

5           So, I'm going to go with my original ruling.  I think

6   Mr. Tecce's explaining something that approaches good cause.

7   And I have to say actually looking at the Complaint, like a lot

8   of Complaints, it's hard to tell exactly what was being

9   asserted.

10          But it's at least not clear to me, based on what I

11  looked at before, that Mr. Tecce is saying now is wrong.  And I

12  don't think there is any bad faith on the part of the plaintiff.

13          So, it could be the case, I don't really know, the

14  disputes back and forth, or the conversations back and forth

15  between the parties.  And I guess there was some period of time

16  there when the case was stayed, too.

17          But, in any event, the conversations back and forth

18  between the parties certainly indicated that, as I understand

19  it, the desire by the plaintiff to pursue this theory.

20          So, to some extent, the -- my requirement that the

21  Complaint be amended is to sort of clean up whether this is or

22  is not.

23          So, rather than try to parse the original Complaint, I

24  think this is the better course, okay?

25          MR. MEIKLEJOHN:  Could I respond very briefly, your

1    Honor?

2         THE COURT:  All right.

3         MR. MEIKLEJOHN:  Mr. Tecce referred you to Page 5 --

4    Page 6 -- and this is where the allegations, I think, are more

:16:30    5    significant.

6         And this allegation on Page 6 appears about ten times

7    in this Complaint and about ten times in the Amended Complaint.

8         And Paragraph 24, and that one says -- 24 says,

9    "Toshiba" -- and then go to the second line -- "as of February

:16:44    10   14th, 2013, is not authorized to sell any products."

11        I think the only inference, the only inference is --

12        THE COURT:  Well, that's it, Mr. Meiklejohn.

13        I mean, it's inferences.  One is parsing documents that

14   after all were written noticed pleadings.

:17:05    15        And, yeah, that's an inference.  It's not an

16   unreasonable inferences.  But --

17        MR. MEIKLEJOHN:  I think it's the only inference, your

18   Honor.

19        THE COURT:  Well --

:17:14    20        MR. MEIKLEJOHN:  What other inference -- I'm not asking

21   you, your Honor, but I can't think of any other inferences that

22   you could make from that.

23        THE COURT:  Okay.

24        In any event, I appreciate your position, but I'm going

:17:24    25   to let him amend the Complaint.

1        MR. MEIKLEJOHN:  Just one other point, your Honor?

2        And that's an argument and I understand your Honor's

3   ruling.

4        But instead -- I think one of the problems with

5   discovery in the United States is that somebody has a theory, a

6   crazy theory sometimes.  And, you know, everybody is allowed to

7   follow their theories, and get discovery, and that kind of

8   thing.  And I think that's -- I think it would be best if, you

9   know, we look at those theories and see if they make any sense.

10       And if you look at that agreement, I don't think it

11  makes any sense.

12       But I understand, your Honor, it's difficult to rule on

13  something like this when the issue is still in the case or will

14  be put in the case.

15       But how about if we file a Motion for Summary Judgment

16  on this issue and then we do all this discovery?

17       THE COURT:  Well, see, but the thing is, I've got this

18  trial date of December 2017.  If we put everything on hold to do

19  Motions for Summary Judgment, and assuming that I'm diligent in

20  responding to your diligence, which is sort of what else is

21  pending at the time, the schedule doesn't work.

22       So, but I -- so, but if you -- but I don't have any --

23  but I would be amenable to this is, I want to have the -- to do

24  what I said, have the Amended Complaint.  Do what you need to in

25  a Letter Rogatory.  Get ready to try to depose the people in

1  Japan and produce the damages information.

2        But I don't -- but I'm okay, because it strikes me that

3  probably this is just a matter of law one way or the other.

4        I'm perfectly okay with you filing a Motion for a

:19:20  5  Partial Summary Judgment on the license, you know, at your

6  pleasure, but then, you know, if I rule against you, there's not

7  going to be -- you know, that's going to be -- then the license

8  -- let me think about this for a second.

9        (Pause)

:19:50  10        Is the license -- you know, there is talk of these

11  translations -- is there some sort of certified translation that

12  you both agree on?

13        MR. MEIKLEJOHN:  Yes, your Honor, the one that your

14  Honor has.

:20:14  15        MR. TECCE:  Yes.

16        THE COURT:  Okay.

17        MR. MEIKLEJOHN:  They made it and we agreed with it.

18        THE COURT:  Okay.

19        So, I'm kind of inclined to let you a file a brief,

:20:25  20  because I do think it is a question of law.

21        MR. TECCE:  Do -- I'm sorry -- I don't know if your

22  Honor wants to hear me?

23        THE COURT:  No, no, I apologize, go ahead.

24        MR. TECCE:  Two things.

:20:34  25        First of all, out of one side Toshiba is saying that

1    they need discovery from NEC, okay?

2         But now he's saying that he wants to file a Motion for

3    Summary Judgment.

4         The second thing is that we have an e-mail that they

:20:44    5    produced.  He says this is a crazy theory, which I, on some

6    level resent, because we have a document that they produced to

7    us from NEC that says my reading of the License Agreement is

8    dead right.  It's exactly what it says.

9         THE COURT:  Well, know, who cares?

:20:57    10        MR. TECCE:  Well, I understand that, but I believe the

11   License Agreement is unambiguous and it's not even entitled to

12   full evidence.  It's unambiguous in our favor.

13        THE COURT:  Well, so, then you should be welcoming the

14   early Summary Judgment, because that get the issue resolved,

:21:10    15   right?

16        MR. TECCE:  Well, the Court's already set a deadline

17   for dispositive motions in April.  They have an opportunity to

18   file a dispositive motion here.

19        THE COURT:  Well, so, but, you know, it seems to me

:21:19    20   this presents an opportunity to -- its seems to me there is

21   opportunity here to -- because you think it's unambiguous -- I

22   take it you think it's unambiguous the other way, right?

23        MR. MEIKLEJOHN:  Yes.

24        MR. TECCE:  Right, but that's --

:21:37    25        THE COURT:  And, of course, that doesn't make it -- you

1   know, I know there is law that says just because the parties

2   both say it's unambiguous in their favor, doesn't make it

3   unambiguous, but it's not a bad place to start.

4           So, yeah, we have a deadline in April, but I take it if

:21:59   5   that's the case, then you must be more or less thinking about

6   doing expert damages discovery on damages information you don't

7   even have right now, right?

8           MR. TECCE:  That's correct.

9           I mean, our damages reports are due.

:22:12  10           But, Judge, when we walked in here I thought your

11   Honor's initial inclination was correct, that they are going to

12   give us discovery.  And I think -- I'd like to get discovery.  I

13   think we're entitled to it.  And if they want to file a Motion

14   for Summary Judgment in parallel, I can't stop them from doing

:22:29  15   that.  That's their --

16           THE COURT:  Yes, but I can.

17           MR. TECCE:  That's a good point.

18           THE COURT:  But I'm -- but --

19           MR. TECCE:  But -- well, I mean, I don't think -- you

:22:39  20   know, there is a 20-page limit on Summary Judgment Motions in

21   this case under the Order that we have all agreed to.

22           I'm assuming that that will be the only Summary

23   Judgment Motion that they are going to file.  And it doesn't

24   even make the case go away, because they still owe me damages,

:22:49  25   beginning -- even if they win on that, they still owe me

1    damages.

2             THE COURT:  Yes, but I have the definite impression it

3    cuts the size of the case at least in half.

4             MR. MEIKLEJOHN:  More than that.

:22:59    5             MR. TECCE:  More than that, Judge.

6             THE COURT:  Okay.

7             Well, as I said, at least.

8             In any event, the thing is, I can deal with the 20

9    pages.  The contract is unambiguous.  You can make it a cross-

:23:16    10   motion if you want.  Maybe we'll get the issue resolved one way

11   or the other.

12            But I may or may not agree with that, so let's pursue

13   the parole evidence at the same time and get this all brought to

14   a head.

:23:31    15            MR. TECCE:  Okay.  And the damages discovery is still

16   going to be produced?

17            MR. MEIKLEJOHN:  Yes.  Yes, your Honor, that was my

18   understanding.

19            THE COURT:  Yes.

:23:39    20            MR. MEIKLEJOHN:  Just to clarify, your Honor.

21            I mean, this is going to be a relatively simple motion

22   in my view.

23            THE COURT:  Well, that's the kind of the reason why I'm

24   willing to allow it, because I think your Delaware counsel would

:23:49    25   tell you that I normally don't.

1        But I do think it's relatively simple and -- it's

2    relatively simple in concept.  Whether or not it turns out to be

3    simple in practice, I don't know, because I don't know what the

4    answer is.

:24:05   5        But it seems to me like a worthwhile -- in fact, not

6    that this makes any difference -- but there have been a couple

7    of other cases, patent cases, where there have been licensed

8    defenses, and I've pretty much always let them proceed as soon

9    as the parties thought they were ready to proceed, just because

:24:26  10   it saves a lot of time and effort under a lot of scenarios.

11       So, I think it's worthwhile thing to do to try to get

12   it figured out here.  I don't think it's going to be that taxing

13   to either of you.

14       And I don't -- you know, doing this now, doesn't

:24:45  15   prevent you from filing some non-infringement, or invalidity, or

16   some other thing at the time that we've already appointed.

17       So, my suggestion is, offline, why don't the two of you

18   agree to some schedule for doing this.

19       MR. TECCE:  Okay.

:25:02  20   THE COURT:  Okay?

21       MR. MEIKLEJOHN:  Okay, your Honor.  Thank you, your

22   Honor.

23       MR. TECCE:  Your Honor, just two points for scheduling

24   clarifications.

:25:06  25       The first one is, to the extent Toshiba does not file

1   an opposition to like a Motion to Amend, was there a date that

2   you wanted us to file the Answer to the Amended Complaint?

3           THE COURT:  I think I said some time next week, but I

4   don't know I was any more specific than that.  I think I said

5   actually next Wednesday.

6           MR. TECCE:  Next Wednesday.

7           Mr. MEIKLEJOHN:  You're doing it tomorrow?

8           MR. TECCE:  Yes.

9           THE COURT:  But I --

10          MR. MEIKLEJOHN:  Any day.

11          THE COURT:  Friday would be fine.

12          MR. MEIKLEJOHN:  Okay.

13          MR. TECCE:  And the second point is with respect to the

14  Motion for Partial Summary Judgment.

15          I was a little unclear on whether we could file that at

16  any point parallel with producing the documents or --

17          THE COURT:  Well, I think you should.  Mr. Meiklejohn

18  said you would produce the documents in a month, so that's that.

19          In terms of the motion, that's what I kind of asked you

20  to kind of work the schedule on.  As far as I'm concerned, if

21  you can brief it up and file it tomorrow, that's fine, but I

22  don't really expect you to do that.  I expect you to come with

23  up with some schedule that works within whatever else you have

24  going on.

25          MR. TECCE:  Well, we have expert reports due in this

:25:20

:25:30

:25:39

:25:53

:26:06

1    case.  I mean, I would like to keep the case moving.  I mean,

2    you know, every case has a beginning, a middle, and an end.  I'd

3    like to get to the end.

4         THE COURT:  Right, but as I said, I'm just trying to

:26:15    5    have it move on parallel tracks.

6         MR. TECCE:  Understood.

7         THE COURT:  Okay?

8         MR. MEIKLEJOHN:  Okay, your Honor.  Thank you.

9         THE COURT:  Okay?

:26:20    10        MR. TECCE:  Fair enough, your Honor.

11        THE COURT:  All right.

12        So I'll see some of you or maybe all of you this

13   afternoon?

14        MR. TECCE:  Some of you us.

:26:26    15        (The proceedings adjourned at 9:26 o'clock a.m.)

16                        *  *  *  *

17

18

19

20

21

22

23

24

25