IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MiiCs & PARTNERS AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOSHIBA CORPORATION, et al.,<br><br>Defendants.<br><br>SAMSUNG DISPLAY CO., LTD.,<br><br>Intervenor. | Civil Action No. 14-803-RGA |
| MiiCs & PARTNERS AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FUNAI ELECTRIC CO., LTD., et al.,<br><br>Defendants.<br><br>SAMSUNG DISPLAY CO., LTD.,<br><br>Intervenor. | Civil Action No. 14-804-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendant Toshiba Co.'s and Toshiba America Information Systems, Inc.'s[1] Motion for Partial Summary Judgment (D.I. 423) and related briefing. (D.I. 424, 479, 512).[2] The Court held oral argument on October 18, 2017. (D.I. 573). For the reasons

---

[1] Toshiba Corporation and Toshiba America Information Systems, Inc. will be referred to hereinafter as "Defendants."

[2] All docket references refer to 1:14-cv-00803-RGA unless otherwise noted.

that follow, Defendants' motion is denied in part as to anticipation of asserted claims 1 and 5 of U.S. Patent No. 6,734,927.

Defendants moved for summary judgment (D.I. 423) on the basis that Hasegawa, which is prior art to the '927 patent, anticipates asserted claims 1 and 5 of that patent. (D.I. 424 at 16).

The dispute between the parties is over the construction of the word "depression." (*See id.* at 17). Specifically, at issue is whether a "hole" qualifies as a "depression." Claim 1 of the '927 patent provides for a structure where "an intermediate frame comprises a depression formed in the vicinity of its end, the depression to be fitted to said stepped protrusion." '927 Patent, col. 7 ll. 4-6. Hasegawa, on the other hand, refers to "holes," not "depressions." (*See* D.I. 429, Exh. 38 at 166:0010 (referring to "square engagement hole[s]")). The parties do not dispute that if "holes" qualify as "depressions," then Hasegawa anticipates asserted claims 1 and 5 of the '927 patent. (*See* D.I. 424 at 16; D.I. 479 at 16).

Defendants argue, pointing to Figure 7, that the '927 patent "indicates that holes could be depressions, ending the inquiry – [it] describes an embodiment that contemplates the stepped protrusions fitting into holes to fix the frames." (D.I. 424 at 17). Defendants assert that their position is further supported by the testimony of Defendants' expert, Mr. Smith-Gillespie, who "opined that a person of ordinary skill in the art would have understood 'depression,' as used in the '927 Patent, to include a hole." (*Id.*). Finally, Defendants fault Plaintiffs for basing their proposed construction of "depression" on a definition from Merriam-Webster's Dictionary. (*Id.* at 18). Defendants, however, offer no evidence that "depression" is ordinarily understood to include a "hole." (D.I. 529 at 8).

Plaintiffs counter that as their expert, Dr. Fontecchio, has opined, a "depression is something that is lower or 'depressed,' not something that is carved out and missing entirely,

2

such as a 'hole.'" (D.I. 479 at 17). Plaintiffs argue Defendants have failed to identify any intrinsic or extrinsic evidence "that equates a section missing from a structure (carved all the way through it), such as the hole disclosed in Hasegawa, with a depression." (*Id*). Plaintiffs note that Figure 7, which Defendants contend indicates that "holes" could be "depressions," is a modified example of the first embodiment of the invention, and, in contrast to the claimed invention, does not include depressions in the intermediate frame. (*Id.* at 18).

I am not persuaded by Defendants' argument that the proper construction of "depression" includes "holes." Nothing in the '927 patent suggests that "depression" and "hole" are used interchangeably and thus have the same meaning. *See Bid for Position, LLC v. AOL, LLC*, 601 F.3d 113, 1317–18 (Fed. Cir. 2010) (finding "bid" and "value of the bid" to have the same meaning where the claims and specification used the terms interchangeably). To the contrary, whereas a "depression" in claim 1 is "to be fitted to said stepped protrusion," the "holes" in the description of Figure 7 are not "to be fitted" to any "protrusion." Rather, the "holes" in the intermediate frame allow for the protrusions to pass through the intermediate frame so that the upper and lower frames can be secured to each other. *See* '927 Patent, col. 5 ll. 45-48 ("[H]oles may be formed in the intermediate frame 10 so that the intermediate frame 10 is coupled between the upper and lower frames 1A and 1B folded to each other."). It is therefore clear that the "holes" referred to in the description of Figure 7 are not "depressions." This construction is consistent with the "general presumption that different terms have different meanings." *Chicago Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, 677 F.3d 1361, 1369 (Fed. Cir. 2012). Accordingly, since nothing in the '927 patent suggests that a "hole" is a type of "depression," Defendants' motion for summary judgment (D.I. 423) is denied in part as to anticipation of asserted claims 1 and 5 of the '927 patent.

3

IT IS SO ORDERED this 23 day of October 2017.

_____
United States District Judge